**Luis MORA, Plaintiff–Appellant,**

**v.**

**UNITED STATES of America, Defendant–Appellee.**

**No. 318, Docket 91–2225.**

United States Court of Appeals, Second Circuit.

Submitted Nov. 8, 1991.

Decided Jan. 22, 1992.

Luis Mora, pro se.

Andrew J. Maloney, U.S. Atty., E.D.N.Y., Brooklyn, N.Y. (Jason Brown, Eric Corngold, Asst. U.S. Attys., of counsel), for appellee.

Before KAUFMAN, CARDAMONE and MINER, Circuit Judges.

CARDAMONE, Circuit Judge:

This appeal asks what happens when personal property taken from an arrested person by the government turns out to be missing. Perhaps taking the adage that "no one can lose that which he never had" the government turns it into "no one can return that which he has lost," and argues that it cannot therefore be called upon to return the prisoner's property. Of course, what is lost is gone, but that circumstance does not answer the question of what should happen if that loss is a result of the government's lack of care.

Luis Mora, *pro se* and *in forma pauperis*, appeals from an order of the United States District Court for the Eastern District of New York (Glasser, J.) denying his petition for the return of seized property that was construed by the court as a motion pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure.

## BACKGROUND AND PRIOR PROCEEDINGS

Appellant was arrested on February 14, 1988 for violating federal drug laws. He pleaded guilty in the same federal court from which this appeal arises, was sentenced by Judge Glasser, and is currently incarcerated. At the time of the arrest, Drug Enforcement Administration (DEA) agents seized a number of articles of personal property from appellant's hotel room, including $900 in American currency, his passport, an airline ticket from the United States to Ecuador, clothing, jewelry, books and other miscellaneous items. The government does not contend that any of these items have evidentiary value or con-

stitute contraband or the fruit of any illegal activity. Five months later Mora sent a letter dated July 26, 1988 to an Assistant United States Attorney (AUSA) in the Eastern District of New York, listing in detail the personal property seized and requesting its return. This letter went unanswered.

Mora then filed in the district court a document styled as a petition for a "Writ of Reprieve" seeking the return of his property. In an order filed January 3, 1991 the district court characterized the petition as a motion pursuant to Fed.R.Crim.P. 41(e) and directed the government to file responsive papers. The government asserted by letter that Mora's petition was untimely because Rule 41(e)—while not stating so expressly—clearly contemplates a motion for return of property prior to conviction. The government noted further that even if the Rule 41(e) motion was timely, appellant's petition should be denied because it no longer had possession of his property. The AUSA stated that he had spoken with a DEA special agent who "advised that a female relative of [Mora's] co-defendant Granda appeared at his office within a week of Mora's arrest, and that he recalls giving various of the personal property items now requested to her at that time." The AUSA also asserted he had spoken with another special agent who "independently reviewed the case files, and indicate[d] that none of the requested items [were] in the DEA's possession."

In an order filed February 7, 1991 the district court adopted the government's interpretation of Rule 41(e) and denied Mora's petition as untimely. Mora filed a motion for reconsideration, urging that, given his *pro se* status the district court should have construed his petition liberally as "one that seeks relief on any possible basis, and not merely Rule 41(e) of the Federal Rules of Criminal Procedure." On April 2, 1991 the trial court denied this motion ruling that, regardless of the basis sought for relief, "[t]he court cannot direct the government to return property which it doesn't have." Mora filed a timely notice of appeal from this order.

## DISCUSSION

### A. *Rule 41(e)*

With regard to seized property, Rule 41(e) is designed to accomplish two objectives: the return of the property to its owner and, where criminal proceedings have been initiated, the suppression of illegally seized property as evidence. It states

> [a] person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

Fed.R.Crim.P. 41(e). In its initial opinion the trial court decided the requirements of Fed.R.Crim.P. 12 applied and, because the motion was not made prior to Mora's trial, that it was untimely filed under Rule 12(b). On reconsideration it recognized, as does the government on appeal, that it had jurisdiction—ancillary to its jurisdiction over the criminal case—to decide this post-trial motion for the return of seized property. *See United States v. Wilson,* 540 F.2d 1100, 1103 (D.C.Cir.1976) ("the district court has both the jurisdiction and duty to return [seized] property"); *United States v. LaFatch,* 565 F.2d 81, 83 (6th Cir.1977); *United States v. Palmer,* 565 F.2d 1063, 1064 (9th Cir.1977). In addition, where no criminal proceedings against the movant are pending or have transpired, a motion for the return of property is "treated as [a] civil equitable proceeding[] even if styled as being pursuant to Fed.R.Crim.P. 41(e)." *United States v. Martinson,* 809 F.2d 1364, 1367 (9th Cir.1987); *see also Mr. Lucky Messenger Service, Inc. v. United States,* 587 F.2d 15, 16–17 (7th Cir.1978); *Richey v. Smith,* 515 F.2d 1239, 1245 (5th Cir.1975).

We presume the DEA keeps some sort of record of the property it seizes and stores. Department of Justice regulations provide:

> Each bureau shall be responsible for establishing and maintaining inventory records of its seized personal property to ensure that:
>
> (a) The date the property was seized is recorded;
>
> (b) All of the property associated with a case is recorded together under the case name and number;
>
> (c) The location of storage of the property is recorded;
>
> (d) A well documented chain of custody is kept; and
>
> (e) All information in the inventory records is accurate and current.

41 C.F.R. § 128–50.101 (1991). In light of the government's own regulation, it may not so easily brush aside Mora's request for the return of his property because it cannot be located.

The government further declares that "in light of the government's representation that the property had not been in its custody since February 1988, the [district judge] had to reject Mora's application." We think this self-serving argument should be rejected out of hand. Rule 41(e) itself provides that "[t]he court shall receive evidence on any issue of fact necessary to the decision of the motion." Research has revealed no authority for the proposition that a district judge must rely on a representation, made by the government or any other litigant for that matter. Instead, in making a determination, a trial court must rely on the evidence before it.

The government failed to offer any evidence concerning the disposition of Mora's property. No receipts, log entries or other documentation—not even an affidavit—were presented to support the assertion that it no longer had possession of appellant's property. Further, the government's "representation" fails to account for all of the personalty, since the DEA special agent

recalls giving only *various* of the items to Mora's relative. A finding of whether the government actually retains possession of Mora's property and, if not, what happened to it is a necessary predicate to deciding Mora's motion.

### B. *Mootness*

█ The government suggests further in its brief that since it is without possession of appellant's property his claim is moot. Quite the contrary. Even were it able to prove its lack of possession, a live controversy still remains, as case law instructs. In *United States v. Francis*, 646 F.2d 251, 262–63 (6th Cir.1981), it was held that a motion for the return of seized money was not moot even though the DEA had properly turned the money over to the State of Michigan pursuant to a Warrant of Levy for nonpayment of taxes. The question of whether the government had lawfully disposed of the property remained. *See Palmer*, 565 F.2d at 1065 (motion for return of seized money was not moot though government had turned money over to bank which movant robbed). Again, in *Martinson*, 809 F.2d 1364, the Bureau of Alcohol, Tobacco & Firearms seized several antique rifles from Martinson, a gunsmith and gun collector. After abandoning its investigation of Martinson, the Bureau refused to return his rifles. During the pendency of Martinson's appeal of the denial of his Rule 41(e) motion, the Bureau destroyed the rifles. The Ninth Circuit held the appeal was not moot "[s]o long as the court may order relief responsive to the wrong alleged." *Id.* at 1368. "[The court's] jurisdiction has not been mooted by the actions of the government in destroying the property sought to be returned." *Id.* at 1369.

Assuming the property is gone, the question then is what relief may be granted. *Martinson* observed that "[w]here a court of equity assumes jurisdiction because the complaint requires equitable relief, the court has power to award damages incident to the complaint." *Id.* at 1367–68; *see also Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418–22, 95 S.Ct. 2362, 2372–74, 45 L.Ed.2d 280 (1975); *Goldberg v. Medtronic,*

*Inc.,* 686 F.2d 1219, 1229 (7th Cir.1982); *Walters v. Marathon Oil Co.,* 642 F.2d 1098, 1100 (7th Cir.1981); *Minnis v. UAW,* 531 F.2d 850, 852 (8th Cir.1975). Accordingly, that court held Martinson was entitled to request money damages. 809 F.2d at 1370. *See also United States v. Farese,* No. 80 Cr. 63 (MJL), 1987 WESTLAW 28830, 1987 U.S. Dist. LEXIS 11466 (S.D.N.Y. Dec. 15, 1987) (court ordered the government to return Farese's property, which among other items included $3,307.78 in cash, "or a sum equivalent to the current fair market value of any item(s) not returned," and directed that the cash be returned with interest "regardless of whether the original currency is found.")

The government attempts to distinguish *Martinson* and *Farese* because its inability to return the property here is not a product of willful flouting of the district court's order. We see no meaningful distinction between the government's unsupported assertion that a DEA agent recalls giving "various" of Mora's things to his co-defendant's relative and the government's claim in *Farese* that it was having difficulty locating the movant's property. Hence, we conclude appellant's claim is not moot.

### C. *Damages*

#### 1. In Equity

█ Appellee further insists that Mora is not entitled to damages because he did not request them in the district court. The reason Mora did not request damages in his petition for a "Writ of Reprieve" is because the government had not responded to his July 1988 letter. At that time appellant had no way of knowing the government no longer had his property. He did not learn that fact until he received the government's response to his petition.

█ The government contends that it would be improper for the district court to exercise its equitable jurisdiction to award damages because the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.,* provides Mora with an adequate remedy at law. Yet, *Martinson,* faced with the same argument, found that "a separate civil action[ ]

is inadequate in light of the time and expense involved, particularly where the court considering the motion already has jurisdiction over the matter." 809 F.2d at 1368. Further, when the government gives away, loses or destroys a prisoner's property, such unilateral conduct on the government's part does not, as it believes, thereby deprive the court where the motion for its return is pending of its jurisdiction. Rather, when a court has asserted its equitable jurisdiction over a matter, it retains that jurisdiction so long as necessary to afford appropriate relief to the movant. It is, of course, a basic rule that if Mora has a right to the return of his property under Rule 41(e), he may not effectively be deprived of a remedy to enforce that right. In *Wilson,* 540 F.2d 1100, the court approached the question somewhat differently, but reached the same conclusion. *Id.* at 1104 (adequate civil remedies do not discharge the district court's duties nor disturb its jurisdiction).

### 2. At Law

█ Even if Mora otherwise has an adequate remedy at law, the district court should have liberally construed Mora's petition as a complaint under the FTCA. *See Kramer v. Secretary, Dep't of the Army,* 653 F.2d 726, 729 (2d Cir.1980). Although that Act does not allow a claim arising out of "the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer," 28 U.S.C. § 2680(c), this exception does not apply where the goods are no longer in the possession of the government, and therefore cannot be regarded as being "detained." *See Alliance Assurance Co. v. United States,* 252 F.2d 529, 533–34 (2d Cir.1958) ("the exception does not … bar actions based on negligent destruction, injury or loss of goods in the possession or control of the customs authorities").

A tort claim must be presented to the appropriate federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b) (1988). Such presentment is a prerequisite to the institution of a suit under the FTCA. 28 U.S.C. § 2675(a) (1988). Pursuant to Department of Justice regulations, "a claim shall be deemed to have been presented when a Federal agency receives from a claimant … written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property…." 28 C.F.R. § 14.2(a) (1991).

Mora's July 1988 letter was received by the Department of Justice (the appropriate agency in this case) well within the two-year limitations period, which began to run in February 1988 at the earliest. The letter may be said to have stated a "sum certain," at least with respect to the $900 cash. The remaining property, while carefully itemized, was not reduced to a sum certain for the obvious reason that Mora was seeking the return of the items themselves, not merely their value because, as noted, he was unaware that the government no longer had them. The FTCA provides that

> [a]ction under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, *except* where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time or [sic] presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b) (1988) (emphasis added). Because the DEA asserts it gave away Mora's property a week after his arrest, and that fact was not reasonably discoverable at the time he sent the letter to the Department of Justice, he should be allowed to pursue his claim for the value of all of his lost personalty.

Moreover, other courts have held that the "sum certain" requirement should not be applied inflexibly. *See, e.g., Erxleben v. United States,* 668 F.2d 268, 273 (7th Cir. 1981) (per curiam) (FTCA " 'intended to provide a framework conducive to the administrative settlement of claims, not to provide a basis for a regulatory checklist which, when not fully observed, permits the termination of claims regardless of their merits.' *Koziol v. United States,* 507 F.Supp. 87, 91 (N.D.Ill.1981)"); *Crow v. United States,* 631 F.2d 28, 30 (5th Cir.

1980); *Apollo v. United States*, 451 F.Supp. 137, 138–39 & n. 11 (M.D.Pa.1978).

### CONCLUSION

Whether Mora's petition is treated as a Rule 41(e) motion or a complaint under the FTCA, the district court should take evidence and make factual findings determining which of the items Mora seeks, if any, are still in the government's possession, and the circumstances of its loss of possession. If the government has Mora's property, it should be returned to him. If it no longer has the property, the district court must determine whether the government's conduct renders it liable for damages, either as an equitable remedy or under the FTCA.

The order denying Mora's petition is therefore reversed and the case remanded to the district court for further proceedings in accordance with this opinion.