**UNITED STATES of America,**

**v.**

**Thomas BELL and April White, Defendants.**

**92–CR–142.**

United States District Court, N.D. New York.

March 17, 1993.

the full recovery theory which formed the basis for the original panel's decision.

Gary L. Sharpe, U.S. Atty., N.D. of New York, Syracuse, NY (John G. Duncan, Asst. U.S. Atty., of counsel), for U.S.

Hall and Zerrillo, Syracuse, NY (Carl T. Putzer, of counsel), for defendant Bell.

Kate Rosenthal, Syracuse, NY, for defendant White.

## ORDER

MUNSON, Senior District Judge.

Defendant Bell having moved pursuant to Fed.R.Crim.P. 41(e) for an order directing the return of personal property, including a dog known as "Tuffy", also known as "Kitt", seized by the government in connection with defendants' arrest at the Massena, New York Port of Entry on November 30, 1991; the government having opposed the motion to the extent that the United States Customs Service is no longer in possession or control of the property and efforts to effect the return of the property, including the dog, have proven unsuccessful; the motion having been argued orally with several other pretrial motions on November 13, 1992 in Syracuse, New York; the court having delivered a decision from the bench on December 11, 1992 in Syracuse, New York finding, *inter alia,* that it has jurisdiction pursuant to Fed. R.Crim.P. 41(e) to "receive evidence on any issue of fact necessary to the decision of the [defendant's] motion," *see Mora v. United States,* 955 F.2d 156, 158, 161 (2d Cir.1992); the court having thus directed a hearing to take place during which the parties were to introduce evidence on the specific items of personal property seized, estimated values for those items, the circumstances of the release of the items from government control, and efforts taken to recover the items; said hearing having taken place on March 12, 1993 in Syracuse, New York; the court having carefully considered the evidence introduced as well as all arguments and documents previously made a part of the record in this matter;

NOW, the court finds as follows:

1. With respect to any items of personal property released by the United States Customs Service to Giannini Trucking Company without the consent of defendants Bell and White, further documentation is necessary to determine what items have been recovered by defendants Bell and White, what items have yet to be returned, and estimated values for such items;

2. With respect to the dog known as "Tuffy", also known as "Kitt", defendants Bell and White consented to Customs Inspector Thomas Howard's voluntary offer to find quarters for the dog until they could make arrangements to retrieve the dog;

3. Defendants Bell and White at no time indicated an intention to abandon the dog, and have actively pursued recovery of the dog through their attorneys, through the United States Customs Service, through the United States Attorney's Office, through the United States Probation Office, and through the United States District Court, Northern District of New York;

4. Customs Inspector Thomas Howard did secure temporary quarters for the dog, with the assistance of a representative from the Massena Animal Shelter, and the temporary nature of the arrangement was made clear to the dog's host, Mrs. Willa Murphy, by the representative from the Massena Animal Shelter and by Customs Supervisory Inspector Robert S. Johnston;

5. Mrs. Willa Murphy incurred $35 in necessary expenses for veterinary services and licensing for the dog upon his arrival into her temporary care, and such necessary expenses are compensable from defendants Bell and White;

6. Daily care for the dog is not a compensable expense based on the facts of this case, particularly in view of Mrs. Willa Murphy's articulated refusal to relinquish custody of the dog since late February 1992;

7. The policy of the United States Customs Service with respect to items of personal property seized at the border is *not* to make gifts of such items, including pets, to individuals who are not the rightful owners or caretakers of such items, but rather the policy is to contact the person from whom such items were seized to retrieve the items; that policy was not adhered to in the case at

bar, as Customs officials made no effort to contact defendants Bell and White, or their attorneys, or the prosecuting attorney, to determine how to properly dispose of the items of personal property, including the dog, seized from defendants upon their arrest at the border on November 30, 1991.

NOW, based upon the above findings of fact, it is hereby

ORDERED that Mrs. Willa Murphy shall deliver the dog known as "Tuffy", also known as "Kitt", to the United States Customs Service Port of Entry at Massena, New York by no later than 10:00 a.m. on March 29, 1993, and shall relinquish custody of the dog to Supervisory Inspector Robert S. Johnston or the appropriate acting supervisor on that date; and it is further

ORDERED that Supervisory Inspector Robert S. Johnston or the appropriate acting supervisor shall safely transport the dog known as "Tuffy", also known as "Kitt", to the United States Attorney's Office located at 900 Federal Building, 100 South Clinton Street, Syracuse, New York by no later than 3:00 p.m. on March 29, 1993, and shall relinquish custody of the dog to Assistant United States Attorney John G. Duncan; and it is further

ORDERED that defendants Bell and White or their designee shall tender to Assistant United States Attorney John G. Duncan at the United States Attorney's Office referenced above by no later than 10:00 a.m. on March 29, 1993, a cashier's check or money order in the amount of $35.00 payable to Mrs. Willa Murphy; and it is further

ORDERED that Assistant United States Attorney John G. Duncan shall retain possession of the cashier's check or money order payable to Mrs. Willa Murphy until the arrival into his custody of the dog known as "Tuffy", also known as "Kitt", at which time he shall deliver the cashier's check or money order to Supervisory Inspector Robert S. Johnston or the appropriate acting supervisor for safe and prompt delivery to Mrs. Willa Murphy upon the official's return to Massena, New York; and it is further

ORDERED that defendants Bell and White or their designee shall appear at the United States Attorney's Office referenced above at 3:00 p.m. or thereafter until 5:00 p.m. on March 29, 1993 to assume permanent custody of the dog known as "Tuffy", also known as "Kitt"; and it is further

ORDERED that any violation of the terms and procedures set forth in this Order by any individual named herein shall subject that individual to contempt proceedings.

The United States Marshals are directed to serve a certified copy of this Order on Mrs. Willa Murphy of Massena, New York by no later than 5:00 p.m. on March 19, 1993.

It is So Ordered.