Felix OSIJO, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 93 CV 2345.

United States District Court,
E.D. New York.

Nov. 12, 1993.

Felix Osijo, plaintiff pro se.

Zachary Carter, U.S. Atty. by Deborah B. Zwany, Asst. U.S. Atty., Brooklyn, NY, for defendant.

## MEMORANDUM AND ORDER

BARTELS, District Judge.

On May 24, 1993 plaintiff Felix Osijo brought this action for the return of property seized pursuant to his November 1989 arrest at John F. Kennedy Airport. Although the government has returned some of plaintiff's property, it is unable to locate most of the items plaintiff claims were seized. In his complaint, plaintiff values the missing items at $898.00.

On August 2, 1993, the government moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12 for lack of subject matter jurisdiction. The government argues that plaintiff has failed to exhaust administrative remedies, a prerequisite to the filing of a lawsuit under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 ["FTCA"].

## DISCUSSION

The government is correct in stating that the FTCA provides only a limited waiver of sovereign immunity, and that parties seeking tort damages against the United States may not sue in federal court until they have presented their claims to the appropriate administrative agency. *See, e.g., McNeil v. United States,* —— U.S. ——, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

However, a complaint drafted by a *pro se* plaintiff must be construed liberally. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *LaBounty v. Adler,* 933 F.2d 121, 122 (2d Cir. 1991). Under this standard, the court finds that the complaint in this case does not only

state tort claims. Plaintiff alleges that the government seized his property and has failed to return it. Thus, his complaint states a claim for deprivation of property without due process of law, a potential constitutional violation. *See Onwubiko v. United States,* 969 F.2d 1392, 1398 (2d Cir.1992). Therefore, this court has jurisdiction under the Tucker Act, which gives district courts original jurisdiction over certain claims against the United States under $10,000. 28 U.S.C. § 1346(a)(2). *See also Onwubiko v. United States,* 969 F.2d at 1398–99.

▮ Moreover, the government's motion to dismiss based on the FTCA ignores relevant case law governing return of property actions. Cases in this circuit and others have held that the district court where criminal proceedings were conducted has ancillary jurisdiction to decide a post-trial motion for the return of seized property. *Soviero v. United States,* 967 F.2d 791, 792 (2d Cir. 1992); *Mora v. United States,* 955 F.2d 156, 158 (2d Cir.1992) (citing cases). Further, the Court of Appeals in *Mora v. United States* found that a plaintiff whose property has been lost or destroyed has a civil equitable claim for damages in addition to remedies available under the FTCA. 955 F.2d at 159–60. Accordingly, this court has subject matter jurisdiction over plaintiff's claims regardless of whether he has fulfilled the FTCA's exhaustion requirement.

### CONCLUSION

For all of the foregoing reasons, the government's motion to dismiss for lack of subject matter jurisdiction is DENIED.

SO ORDERED.

UNITED STATES of America, the State of New York, and UDC–Love Canal, Inc., Plaintiffs,

v.

HOOKER CHEMICALS & PLASTICS CORPORATION; Hooker Chemicals Corporation; Occidental Petroleum Investment Corporation; the City of Niagara Falls; and the Board of Education of the City of Niagara Falls; Defendants.

No. 79–CV–990C.

United States District Court, W.D. New York.

March 17, 1994.

U.S. Dept. of Justice, Environmental and Natural Resources Div. (Lewis M. Barr, Steven Novick and Jared Synder, of counsel), Washington, DC, and Patrick H. NeMoyer, U.S. Atty. (Martin J. Littlefield, of counsel), Buffalo, NY, for plaintiff U.S.

G. Oliver Koppell, Atty. Gen. of State of N.Y. (Eugene Martin–Leff, Robert E. Hernan, C. Michael Bryce and H. Johannes Galley, Oymin Chin, of counsel), New York City, for plaintiff State of N.Y.

Piper & Marbury (Thomas H. Truitt, Steven K. Yablonski and Anthony L. Young, Cynthia J. Morris and Mary F. Edgar, of counsel), Washington, DC, Phillips, Nizer, Benjamin, Krim & Ballon (Louis Nizer and George Berger, of counsel), New York City, and Phillips, Lytle, Hitchcock, Blaine & Huber (David K. Floyd, of counsel), Buffalo, NY, for defendant Hooker Chemicals & Plastics Corp.

Gellman, Brydges & Schroff (Earl W. Brydges, Jr. and Richard Stanton, of counsel), Niagara Falls, NY, for defendant City of Niagara Falls.

Phelps, Gray & Hewitt (Benjamin N. Hewitt and James P. Hewitt, III, of counsel), Niagara Falls, NY, for defendant Board of Educ., City of Niagara Falls.

Hurwitz & Fine (Theodore J. Burns, of counsel), Buffalo, NY, for defendant County of Niagara.

## TABLE OF CONTENTS

I.    INTRODUCTION .................................................. 997
    A.   BACKGROUND ............................................ 997
    B.   LEGAL STANDARD OVERVIEW........................... 1001

II.   WASTE DISPOSAL AT LOVE CANAL ......................... 1004
    A.   HOOKER'S EARLY GROWTH............................. 1004
    B.   DESCRIPTION OF THE SITE ........................... 1004
       1.   Historical Development .................................. 1004
       2.   Soil and Drainage Conditions .......................... 1006
    C.   DISPOSAL OPERATIONS ................................. 1006
    D.   CHEMICAL COMPOSITION OF THE WASTE MATERIAL... 1010
    E.   TOXICITY AND DISPOSAL METHODS FOR SPECIFIC CHEMICALS ........................................... 1011
       1.   Lindane and Spent Cake .............................. 1012
       2.   Dioxin and Trichlorophenol............................ 1014
       3.   Thionyl Chloride ...................................... 1014
       4.   Dodecyl Mercaptan or DDM .......................... 1015
       5.   Incineration of Wastes................................. 1016
    G.   CHEMICAL EXPOSURE AT THE LANDFILL .............. 1017

III.  THE TRANSFER OF THE LOVE CANAL SITE TO THE NIAGARA FALLS BOARD OF EDUCATION ............................... 1019

IV.  POST–TRANSFER EVENTS ....................................... 1028
    A.   INCIDENTS WHICH WERE REPORTED TO HOOKER ..... 1029
       1.   Chemicals at School Construction Site .................. 1029
       2.   Complaints About Odors: 1955 ......................... 1030
       3.   Crater in The Playground: 1955 ....................... 1030
       4.   Proposed Sale of Property: 1957 ...................... 1031

|   | 5. | Problems During Road Construction: 1958 | 1033 |
|   | 6. | Board Offers Property to the City: 1958–1959 | 1034 |
|   | 7. | Eruption of Thionyl Chloride Container: 1961 | 1034 |
|   | 8. | City Excavation at Wheatfield Avenue | 1035 |
|   | 9. | Proposed Sale of the 102d Street Landfill: 1962 | 1035 |
|   | 10. | Problems During Construction of LaSalle Highway: 1968 | 1036 |
|   | 11. | Report of Children Playing with Chemical Residue: 1970 | 1037 |
|   | 12. | Complaint of Odors: 1971 | 1037 |
|   | 13. | Complaints of Eye Irritation: 1971–72 | 1037 |
|   | 14. | Aliphatic Acid in Hole Where Children Were Playing: 1976 | 1037 |
| B. | | INCIDENTS NOT REPORTED TO HOOKER | 1038 |
|   | 1. | Subsidence in the School Play Area: 1956 | 1038 |
|   | 2. | Land Collapse in School Parking Lot: 1960 | 1038 |
|   | 3. | Puddling at the School: 1961 | 1038 |
|   | 4. | Chemical Residue Exposure during Street Construction: Early 1960s | 1038 |
|   | 5. | Emission at the Ball Field: 1969 | 1038 |

| V. | | GOVERNMENTAL INTERVENTION & OFF–SITE MIGRATION | 1039 |
|   | A. | INVESTIGATIONS BY GOVERNMENT AGENCIES | 1039 |
|   | B. | OFF–SITE MIGRATION | 1041 |
|   | C. | STRATIGRAPHY | 1042 |
|   | D. | ANALYSIS OF CHEMICAL MIGRATION | 1044 |

| VI. | | INDUSTRY PRACTICE | 1048 |
|   | A. | APPLICABILITY OF STATE–OF–PRACTICE EVIDENCE | 1048 |
|   | B. | THE STATE OF KNOWLEDGE AND INDUSTRY PRACTICE IN THE 1940s AND 1950s | 1048 |
|   | 1. | Scientific Knowledge and Public Awareness | 1049 |
|   | 2. | Legislative History of Pollution Control | 1050 |
|   | 3. | Solid Waste Disposal | 1052 |
|   | 4. | Public Health Analysis of the Love Canal Landfill Operation | 1054 |
|   | 5. | State's Rebuttal to OCC Expert Testimony | 1056 |

| VII. | | DISCUSSION | 1058 |
|   | A. | THE APPROPRIATE LEGAL STANDARD | 1058 |
|   | 1. | Property Law | 1058 |
|   | 2. | Products Liability | 1059 |
|   | B. | PRE–TRANSFER ACTIVITIES | 1062 |
|   | C. | THE TRANSFER | 1063 |
|   | D. | POST–TRANSFER EVENTS | 1065 |

| CONCLUSION | | | 1067 |

APPENDIX