99 F.3d 401
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Kevin LAVIN and Mary Day, Defendants-Appellants.
 Nos. 95-1094, 95-1182.
 United States Court of Appeals, Second Circuit.
 Dec. 13, 1995.
 
 For plaintiffs-appellants: Kevin Lavin, pro se; Mary Day, pro se.
 For appellee: David L. Wales, Ass't U.S. Att'y, S.D.N.Y., New York, NY.
 S.D.N.Y.
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 Present: OAKES, McLAUGHLIN, and LEVAL, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED IN PART, and REVERSED AND REMANDED IN PART.
 
 
 3
 Kevin Lavin hatched an elaborate scheme. Through the use of various high-tech gadgets and falsified ATM cards, he was able to steal over $200,000 from Citibank customer accounts. The FBI charged Lavin and his fiancee, Mary Day, with bank fraud and other related federal crimes. Following suppression hearings in the United States District Court for the Southern District of New York (John F. Keenan, Judge ), the government filed an order of nolle prosequi with respect to Day. Lavin, on the other hand, pled guilty to bank fraud, and was sentenced to 27 months' imprisonment, and ordered to pay restitution to Citibank.
 
 
 4
 Prior to Lavin's sentencing, both Lavin and Day filed pro se motions, under Fed.R.Crim.P. 41(e), seeking the return of various items of seized property. The government advised the court that it had already offered to return any of Lavin's property that was not evidence or contraband, and that Lavin should contact FBI Special Agent James Glynn to make such arrangements. Six days later, the government wrote to Lavin, again expressing the government's willingness to return Lavin's property, and instructing Lavin to contact Agent Glynn for this purpose.
 
 
 5
 Lavin ignored Agent Glynn, and instead moved to compel the government to "respond" to his 41(e) motions. On July 21, 1994, the government submitted a letter to the court and to Lavin, reiterating its willingness to return all appropriate items to Lavin. Accordingly, the government requested the court to: (1) direct Lavin to contact Agent Glynn; and (2) deny Lavin's 41(e) motions to the extent that he sought the return of evidence or contraband. The district court granted the government's requests, denying the 41(e) motions in part, and directing Lavin to contact Agent Glynn to arrange for the return of his property.
 
 
 6
 Again, Lavin failed to contact Agent Glynn. Rather, he filed a motion for reconsideration. Lavin contended that the government had not responded to his 41(e) motions, and asked the district court to order the government to respond. He also asserted that the inventory receipts of his seized property were incomplete and fraudulent, and asked the court to force the government to provide complete and detailed lists of all seized property. Finally, he complained that he would be denied due process if "the government is allowed to decide what items are to be returned, and what property items the government just feels like not returning." The court denied the motion. Lavin appeals, arguing that the district court erred by: (1) not ordering the government to respond to his 41(e) motions; (2) not ordering the government to provide new, detailed lists of the property seized; and (3) allowing the government to decide "what items of [Lavin's] property should or should not be returned."
 
 
 7
 Subsequently turning its attention to Day, the government moved to dismiss her 41(e) motion as untimely, because the criminal proceedings against her had concluded with the nolle prosequi order more than a year earlier. The district court agreed, and dismissed Day's motion. Day appeals, arguing that her 41(e) motion should not have been dismissed.
 
 
 8
 1. Lavin. Lavin's arguments do not persuade us. The district court properly found that the government adequately responded to Lavin's 41(e) motions in its July 21, 1994 letter. Despite the fact that the government's letter was not entered on the district court's docket until after the decision on the motion, the district court made clear that it had received and reviewed the letter prior to issuing the order disposing of his motions.
 
 
 9
 To the extent that Lavin challenges the government's refusal to return certain items to which he claims to be entitled, his claims are speculative and premature. See Valmonte v. Bane, 18 F.3d 992, 999 (2d Cir.1994) (a claim becomes ripe only with an existing controversy); Carter Day Indus., Inc. v. EPA (In re Combustion Equip. Assocs., Inc.), 838 F.2d 35, 37 (2d Cir.1988) (adjudication is premature absent an actual controversy). It is impossible to know what items, if any, the government will choose to retain unless and until Lavin, as requested by the government and directed by the district court, contacts Agent Glynn for the return of his property. In any event, the government is not required to return property where it is shown to be contraband or subject to forfeiture. See United States v. Martinson, 809 F.2d 1364, 1369 (9th Cir.1987).
 
 
 10
 Lavin's claim that the seized property receipts are incomplete or fraudulent is similarly unpersuasive. We have considered all of the remaining arguments raised by Lavin, and find them to be without merit.
 
 
 11
 2. Day. Day's 41(e) motion, however, should not have been dismissed. "Where criminal proceedings against the movant have already been completed, a district court should treat a rule 41(e) motion as a civil complaint." Onwubiko v. United States, 969 F.2d 1392, 1397 (2d Cir.1992); see also Mora v. United States, 955 F.2d 156, 158 (2d Cir.1992). Thus, the outright dismissal of Day's 41(e) motion was improper, and her motion should have been regarded as a complaint.
 
 
 12
 Accordingly, the district court's decision denying Lavin's motion for reconsideration is AFFIRMED; and the district court's decision dismissing Day's 41(e) motion is REVERSED AND REMANDED with instructions to treat her motion as a civil complaint.