107 F.3d 4
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Stephen ALLEN, Defendant-Appellant.
 No. 96-1407.
 United States Court of Appeals, Second Circuit.
 Jan. 29, 1997.
 
 1
 APPEARING FOR APPELLANT: Stephen Allen, pro se, Dannemora, N.Y.
 
 
 2
 APPEARING FOR APPELLEE: Alexander H. Shapiro, Guy Petrillo, Assistant United States Attorneys, Southern District of New York, New York, N.Y.
 
 
 3
 Before VAN GRAAFEILAND and LEVAL, Circuit Judges, and SQUATRITO, District Judge.[1]
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was submitted.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court be and it hereby is AFFIRMED.
 
 
 6
 Stephen Allen appeals from the May 21, 1996 order of the district court dismissing his Rule 41(e) motion. Allen's motion sought the return of (or, alternately, damages for) an automobile that was seized by the FBI in 1980 during the course of its investigation of Allen. The district court dismissed Allen's motion on the grounds that Allen's criminal case was closed, but noted that the dismissal was without prejudice to any rights Allen may have to recover either the vehicle or damages by suggesting that Allen file a civil complaint instead.
 
 
 7
 Although we have suggested that the better procedure under such circumstances may be for the district court to treat the Rule 41(e) motion as a civil complaint and address directly the merits of the claim, see Onwubiko v. United States, 969 F.2d 1392, 1397 (2d Cir.1992); Mora v. United States, 955 F.2d 156, 160 (2d Cir.1992), we do not consider the judge's dismissal here to be erroneous, since the dismissal was without prejudice to Allen's ability to file a civil complaint.
 
 
 8
 Therefore, the judgment of the district court is affirmed. Allen may proceed by civil complaint.
 
 
 
 [1]
 The Honorable Dominic J. Squatrito, United States District Judge for the District of Connecticut, sitting by designation