108 F.3d 329
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Francisco Luis AGUILAR, Defendant-Appellant.
 No. 96-1371.
 United States Court of Appeals, Second Circuit.
 Feb. 27, 1997.
 
 1
 APPEARING FOR APPELLANT: Francisco Luis Aguilar, pro se, Leavenworth, KS.
 
 
 2
 APPEARING FOR APPELLEE:James I. Glasser, Asst. U.S. Atty., Bridgeport, Conn.
 
 
 3
 Present: NEWMAN, Chief Judge, McLAUGHLIN, Circuit Judge, OWEN,* District Judge.
 
 
 4
 Francisco Luis Aguilar appeals pro se from the March 20, 1996, order of the District Court denying his motion for return of seized property. Because of the dismissal of the criminal charge in connection with which the Government seized appellant's property, the motion is properly treated as an independent civil proceeding. See Mora v. United States, 955 F.2d 156, 160 (2d Cir.1992).
 
 
 5
 Aguilar claims that items within a Lincoln Continental that were seized have not been returned. He mentions several items, including a Motorola car cell phone. The Government submitted to the District Court both a contemporaneous inventory by a case agent, dated October 29, 1990, and a January 13, 1995, letter from an Assistant United States Attorney, which listed seized items the Government had in its possession. The Government represented that it would return all items still in its possession, other than contraband guns and ammunition. The list of items to be returned included the Lincoln Continental and the cell phone. The Government has also represented that, after Aguilar identified his mother as the person to accept the return of his property, the Government returned the Lincoln Continental and four boxes of property, presumably including the cell phone. Thereafter, the District Court denied Aguilar's motion.
 
 
 6
 Neither in the District Court nor on appeal has Aguilar provided any basis for questioning the Government's representation that it has returned all non-contraband seized property. In these circumstances, we have no reason to disturb the District Court's ruling.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation