22 BLACKWATCH TRAIL, APT.
8, FAIRPORT, N.Y. 14450,
Defendant,

Mark Leitner, Movant–Appellant,

v.

UNITED STATES of America,
Plaintiff–Appellee.

No. 06–4340–cv.

United States Court of Appeals,
Second Circuit.

March 26, 2008.

Mark Leitner, pro se, Fairport, NY, for Movant–Appellant.

Monica J. Richards, Assistant United States Attorney (Terrance P. Flynn, United States Attorney for the Western District of New York, on the brief), Buffalo, NY, for Plaintiff–Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges, Hon. MARK R. KRAVITZ, District Judge.*

---

* The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

## SUMMARY ORDER

Movant–Appellant, Mark Leitner, proceeding *pro se*, appeals from an August 22, 2006 order of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge* ) denying, in part, Leitner's motion for return of property, filed pursuant to Federal Rule of Criminal Procedure 41(g). We assume the parties' familiarity with the procedural history, facts, and relevant issues on appeal.

" '[W]here no criminal proceedings against the movant are pending or have transpired,' relief under Rule 41(g) is equitable in nature." *De Almeida v. United States*, 459 F.3d 377, 379–80 (2d Cir.2006) (quoting *Mora v. United States*, 955 F.2d 156, 158 (2d Cir.1992)). This Court reviews a district court's fashioning of an equitable remedy for abuse of discretion. *See Abrahamson v. Bd. of Educ. of Wappingers Falls Cent. Sch. Dist.*, 374 F.3d 66, 76 (2d Cir.2004); *Onwubiko v. United States*, 969 F.2d 1392, 1397 (2d Cir.1992), *overruled on other grounds by Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 651 (2d Cir.1998).

■ The District Court did not exceed its allowable discretion in denying Leitner's Rule 41(g) motion. The affidavit of Special Agent Jarod Koopman established probable cause to believe that evidence of criminal tax offenses and conspiracy to defraud the government would be found at Leitner's residence. *See United States v. Grubbs*, 547 U.S. 90, 95, 126 S.Ct. 1494, 164 L.Ed.2d 195 (2006) ("Probable cause exists when 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.' ") (quoting *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)); *see also United States v. Singh*, 390 F.3d 168, 181 (2d Cir.2004) ("In reviewing a magistrate's probable cause determination, we accord substantial deference to the magistrate's finding and limit our review to whether the issuing judicial officer had a substantial basis for the finding of probable cause." (internal quotation marks omitted)).

■ Leitner's argument that the warrant was impermissibly broad is without merit. The Fourth Amendment "specifies only two matters that must be 'particularly describ[ed]' in the warrant: 'the place to be searched' and 'the persons or things to be seized.' ... The Fourth Amendment does not require that the warrant set forth the magistrate's basis for finding probable cause...." *Grubbs*, 547 U.S. at 97–98, 126 S.Ct. 1494. Leitner does not challenge the sufficiency of the description of his residence. As for the description of the things to be seized, the warrant listed types of records relating to Leitner's finances, correspondence with the IRS, safe deposit box records, client lists, and financial records and correspondence relating to PQI/SPI. In addition, the warrant specified a time-period, from the present back to 2002. (According to Koopman's affidavit, Leitner said he had "been involved in PQI/SPI since its inception in 2002.")

Under the circumstances, we find that the warrant was sufficiently specific to "enable the executing officer to ascertain and identify with reasonable certainty those items that the magistrate has authorized him to seize." *United States v. George*, 975 F.2d 72, 75 (2d Cir.1992). The list of items was neither generic nor so wide-ranging as to authorize the seizure of any "evidence." Accordingly, there was no need to identify the particular criminal activities under investigation. *See id.* at 77. And because we find no overbreadth, the warrant's failure to incorporate Koopman's affidavit is immaterial. *Cf. Groh v. Ramirez*, 540 U.S. 551, 557–58, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004) (noting that an incorporated affidavit's specificity may cure an overbroad warrant); *George*, 975 F.2d at 76 (same).

In his pending motion for "mandatory judicial notice," Leitner challenges the authority of Special Agent Koopman and the agents involved in the search and argues that Koopman's failure to respond to Leitner's correspondence constitutes an admission of the unlawfulness of the search and seizure. Leitner did not challenge the agents' authority in the District Court, and thus, he has waived this argument on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."); *Guilbert v. Gardner*, 480 F.3d 140, 146 n. 4 (2d Cir.2007).

In any event, we have considered all of Leitner's arguments and find them to be without merit.

Accordingly, the order of the District Court is AFFIRMED and Leitner's motion for mandatory judicial notice is DENIED.