16-812
*Palmer-Williams v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 30th day of January, two thousand seventeen.

Present:     ROBERT A. KATZMANN,
                      *Chief Judge*,
             DEBRA ANN LIVINGSTON,
                      *Circuit Judge,*
             MARGO K. BRODIE,
                      *District Judge.*[*]

ZELMA PALMER-WILLIAMS,

    *Plaintiff-Appellant*,

       - v. -                                      No. 16-812

UNITED STATES OF AMERICA,

    *Defendant-Appellee*.

| | |
|---|---|
| For Plaintiff-Appellant: | Merryl F. Weiner, Meagher & Meagher, P.C., White Plains, NY. |
| For Defendant-Appellee: | Arastu K. Chaudhury, Christopher Connolly, Assistant United States Attorneys, |

---

[*] Judge Margo K. Brodie, of the United States District Court for the Eastern District of New York, sitting by designation.

*for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Zelma Palmer-Williams sought relief from the Department of Health and Human Services ("HHS") under the Federal Tort Claims Act ("FTCA") for alleged improper medical care. HHS denied Palmer-Williams's administrative tort claims in a letter dated May 15, 2014, but Palmer-Williams did not file the present suit until November 20, 2014. Under 28 U.S.C. § 2401(b), Palmer-Williams had six months to file suit in district court after HHS denied her administrative tort claim. The district court granted summary judgment to the government, concluding that Palmer-Williams's suit was untimely and declining to apply the doctrine of equitable tolling. We affirm. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"[W]e review de novo a grant of summary judgment . . . , construing all evidence in the light most favorable to the non-moving party[,] . . . [and] affirm summary judgment only where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (citation and internal quotation marks omitted). In the present case, where the district court understood the governing law correctly and the facts underlying its decision are not in dispute, we review a decision denying equitable tolling for abuse of discretion. *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 149 (2d Cir. 2013).

2

Palmer-Williams argues that her complaint was not untimely because her Standard Form 95 dated April 7, 2014 failed to adequately present her administrative tort claim to HHS and therefore § 2401(b)'s six-month clock did not begin to run on May 15, 2014. To adequately present a claim to an agency, "a Notice of Claim . . . must provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth. A claim must be specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims." *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998) (per curiam) (citation omitted). Palmer-Williams attached a rider to her initial Standard Form 95 that provided the details of her claim and listed five witnesses, including herself, and their contact information. This information was sufficient to permit HHS to investigate the claim. In addition, although Palmer-Williams failed to total the damages she claimed on her initial Standard Form 95, she did claim $8,000,000 in personal injury damages and expressly declined to claim property or wrongful death damages. As such, HHS could estimate her claim's worth. Accordingly, Palmer-Williams's Standard Form 95 adequately presented her claim to HHS.

Palmer-Williams also argues that the district court failed to view HHS's May 15, 2014 denial of Palmer-Williams's claim in the light most favorable to her. Although the HHS denial letter did not specifically make clear whether Palmer-Williams could seek relief in district court within six months of May 15, 2014 or within six months of a denial of a reconsideration request, the letter did make clear that HHS's denial began the six-month period during which Palmer-Williams must have taken some action to preserve her district court claim. The letter also provided Palmer-Williams with the relevant statutes and regulations to understand her rights and met the regulatory requirements of a final denial of an administrative claim. *See* 28 C.F.R. § 14.9(a). Accordingly, HHS's May 15, 2014 denial of Palmer-Williams's claim began the six-

month limitations period during which Palmer-Williams could either file her reconsideration request or seek relief in district court. 28 U.S.C. §§ 2401(b), 2675(a); 28 C.F.R. § 14.9(b). She failed to undertake either course of action in a timely manner.

Palmer-Williams also argues that the district court abused its discretion by declining to apply equitable tolling. Equitable tolling is appropriate only when "the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. NYC Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (internal quotation marks omitted). Palmer-Williams has demonstrated neither reasonable diligence nor extraordinary circumstances. Instead, hers is "at best a garden variety claim of excusable neglect," for which equitable tolling is unavailable. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

We have considered all of plaintiff-appellant's contentions on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4