16-2779-cv
*Palmer-Williams. v. United States*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand seventeen.

PRESENT:   RALPH K. WINTER,
                   GUIDO CALABRESI,
                   DENNY CHIN,
                           *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ZELMA PALMER-WILLIAMS,
                           *Plaintiff-Appellant,*

                   v.                                                16-2779-cv

UNITED STATES OF AMERICA,
                           *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        Merryl F. Weiner, Meagher & Meagher, P.C., White Plains, New York.

FOR DEFENDANT-APPELLEE:        Arastu K. Chaudhury, Christopher Connolly, Assistant United States Attorneys, *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Zelma Palmer-Williams appeals a June 27, 2016 judgment of the district court, granting the Government's motion to dismiss her complaint. The judgment was entered pursuant to an oral decision issued from the bench on June 24, 2016 and a written order of dismissal was entered the same date. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The facts are summarized in this Court's January 30, 2017 summary order in a related prior action. *See Palmer-Williams v. United States*, No. 16-812, 2017 WL 397908 (2d Cir. Jan. 30, 2017) ("*Palmer-Williams I*"). Palmer-Williams filed an administrative claim under the Federal Tort Claims Act with the Department of Health and Human Services ("HHS") on April 8, 2014, alleging that she received improper medical care from a federal healthcare facility. In a letter dated May 15, 2014, HHS denied Palmer-Williams' administrative claim for failure to state a "sum certain" for damages and advised her that under applicable statutes and regulations she had six months to request that HHS reconsider her claim or, if she chose not to request such reconsideration, to file an action in district court. On November 20, 2014, more than six

months after the denial of her administrative claim, Palmer-Williams filed a complaint in district court. On November 24, 2014, she also requested that HHS reconsider her administrative claim.[1]

On December 2, 2014, HHS sent Palmer-Williams a letter acknowledging her request for reconsideration and soliciting "substantiating evidence" for her claim. In response, Palmer-Williams submitted various medical records and documents to HHS on January 30, 2015. On March 4, 2015, HHS sent a final rejection letter to Palmer-Williams, deeming her request for reconsideration untimely, and informing her that she had six months to challenge HHS' determination in district court.

Palmer-Williams filed the complaint in this case on May 8, 2015, asserting claims identical to those of *Palmer-Williams I*, but recasting her November 24, 2014 request for reconsideration as her initial administrative claim. On August 24, 2015, the district court stayed the instant case pending a decision on dispositive motions filed in *Palmer-Williams I*. Those motions were granted in favor of the Government on February 18, 2016, on grounds that Palmer-Williams' complaint and request for reconsideration were untimely.

---

[1] Although Palmer-Williams presented the request for reconsideration to HHS by a letter dated November 10, 2014, the district court found that HHS did not receive the letter until November 24, 2014, and HHS's receipt is the relevant event for statute of limitations purposes. *See Mora v. United States*, 955 F.2d 156, 160 (2d Cir. 1992) ("A tort claim must be presented to the appropriate federal agency . . . [and] [p]ursuant to Department of Justice regulations, a claim [is] deemed to have been presented when a Federal agency receives [written notification] from a claimant." (emphasis added and internal quotation marks omitted)).

On April 21, 2016, the Government moved to dismiss the complaint in the instant case on grounds that the claims were precluded by the final judgment in *Palmer-Williams I*. On June 24, 2016, the district court concluded that Palmer-Williams' claims were precluded and granted the Government's motion to dismiss. Palmer-Williams timely appealed.

On appeal, Palmer-Williams argues that the district court erred in granting the Government's motion to dismiss in the instant case on grounds of claim preclusion because (1) the judgment in *Palmer-Williams I* was not final while it was pending appeal, (2) the judgment in *Palmer Williams I* was not an adjudication on the merits because the district court did not adequately address certain correspondence between Palmer-Williams and HHS, and (3) the policy rationales underlying the doctrine of claim preclusion are not served by dismissing her claims in this case.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Lanier v. Bats Exch., Inc.*, 838 F.3d 139, 150 (2d Cir. 2016). We assume that the factual allegations of the complaint are true, and taken together they must state a plausible claim for relief to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007). A motion to dismiss may be granted on grounds of claim preclusion when "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the

plaintiff's claims are barred as a matter of law." *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000).

Under the doctrine of claim preclusion "a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine,* 532 U.S. 742, 748 (2001)). The party raising a claim preclusion defense must show that, "(1) the previous action involved [a final] adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). "[T]he first judgment will preclude a second suit only when it involves the same 'transaction' or connected series of transactions as the earlier suit." *Legnani v. Alitalia Linee Aeree Italiane, S.p.A.*, 400 F.3d 139, 141 (2d Cir. 2005) (quoting *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir.1997)).

Palmer-Williams avers that the judgment in *Palmer-Williams I* was not entitled to preclusive effect while an appeal was pending and therefore her complaint in this case should not have been dismissed. The argument fails for the law is well-settled that the preclusive effect of a judgment is immediate, notwithstanding a pending appeal. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015) ("[A] judgment's preclusive effect is generally immediate, notwithstanding any appeal."); *accord Patrella v. Siegel*, 843

F.2d 87, 90 (2d Cir. 1988) (judgment pending appeal entitled to preclusive effect); 18A

Charles Alan Wright et al., Federal Practice and Procedure § 4433 (2002) ("The bare act

of taking an appeal is no more effective to defeat preclusion than a failure to appeal.").

Besides, we affirmed the judgment of the district court in *Palmer-Williams I*, eliminating

any doubt as to finality. *See Palmer-Williams*, 2017 WL 397908. The argument that the

judgment in *Palmer-Williams I* was not an adjudication on the merits fares no better. As

noted above, the district court dismissed the claims in *Palmer-Williams I* as untimely,

and the "longstanding rule in this Circuit . . . is that a dismissal for failure to comply

with the statute of limitations will operate as an adjudication on the merits." *PRC*

*Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 896 (2d Cir. 1983). Moreover, as to equitable

tolling, it was incumbent upon Palmer-Williams to raise all of her arguments on that

issue with the district court in her first case. The arguments she presents here could

have, and should have, been raised in the first case, and they were not. Lastly, Palmer-

Williams' "policy" arguments against applying the doctrine of claim preclusion offer us

no reason to disturb the judgment in this case.

We have reviewed Palmer-Williams' remaining arguments and conclude

they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk