**Vincent SOVIERO, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 1052, Docket 91–2521.**

United States Court of Appeals, Second Circuit.

Submitted March 25, 1992.

Decided June 24, 1992.

Vincent Soviero, pro se, Petersburg, Va., filed a brief for petitioner-appellant.

Andrew J. Maloney, U.S. Atty., E.D. New York, Brooklyn, N.Y. (Robert L. Be-

gleiter, Richard K. Hayes, Asst. U.S. Attys., of counsel), filed a brief for respondent-appellee.

Before: NEWMAN and CARDAMONE, Circuit Judges, and WOOD, District Judge.[*]

CARDAMONE, Circuit Judge:

Vincent Soviero, *pro se* and *in forma pauperis*, appeals from an order of the United States District Court for the Eastern District of New York (Sifton, J.) denying his motion, construed by the court as a motion under Rule 41(e) of the Federal Rules of Criminal Procedure, for the return of seized property. The issue presented by this appeal is whether a prisoner's motion for the return of property seized at the time of his arrest is rendered moot because the government either has destroyed it or declared it forfeit. We answer this question in the negative and, accordingly, reverse the order that denied appellant's motion as moot, and remand the case for further proceedings.

## BACKGROUND

After Soviero was arrested on December 28, 1988 for illegal possession of a firearm and bail jumping, U.S. Marshals seized certain property from his apartment, which they had searched pursuant to a warrant. Prior to jumping bail, appellant had been charged with drug conspiracy and bribery, but these charges were dropped for lack of evidence. In October 1990 he pled guilty to the firearm and bail jumping charges and was sentenced to consecutive prison terms of 48 months and seven months, respectively. In January 1991—a little over two years after his property had been seized—Soviero wrote to the Assistant United States Attorney (AUSA) who had prosecuted his case, requesting its return. This request was renewed in a second letter of May 15, 1991. Both letters went unanswered.

Between May 1989 and April 1991, some of Soviero's property—including an automobile, $28,000 in U.S. currency, and electronic equipment valued at $7,050—was forfeited pursuant to statutory administrative proceedings. On March 6, 1991 and May 9, 1991, other items—some, but not all, of which were designated by the government as drug paraphernalia—were destroyed. Still other property—including computer hardware worth approximately $6,000, computer software of undetermined value, and various miscellaneous items—remained in the government's possession.

On July 1, 1991 appellant filed a motion in the district court seeking the return of his seized property. The government was directed on July 22 to show cause why the relief should not be granted, and in response asked for an extension of time to August 19 because the AUSA assigned to the case was away and would not return until August 5. On August 6 Soviero's computer software was destroyed, and his computer hardware was transferred to the Drug Enforcement Administration (DEA) for administrative forfeiture proceedings. In a letter to the district court dated August 15 the government declared that all of Soviero's property that had not been forfeited, destroyed, or transferred to the DEA would be turned over to him.

Construing Soviero's motion as one made under Rule 41(e) of the Federal Rules of Criminal Procedure, the district court on September 30, 1991 denied it as moot, "since the United States consents to the return of property not subject to forfeiture proceedings."

## DISCUSSION

We have held that a district court where a defendant is tried has ancillary jurisdiction to decide a defendant's post-trial motion for the return of seized property. *See Mora v. United States*, 955 F.2d 156, 158 (2d Cir.1992). Where criminal proceedings are no longer pending against the defendant such motion is treated as a civil

[*] Hon. Kimba M. Wood, United States District Judge for the Southern District of New York, sitting by designation.

equitable proceeding even if styled as being pursuant to Fed.R.Crim.P. 41(e). *United States v. Martinson*, 809 F.2d 1364, 1367 (9th Cir.1987). Simply because the government destroys or otherwise disposes of property sought by the movant, the motion for its return is not thereby rendered moot. *See Mora*, 955 F.2d at 159 (collecting cases). When a court possessing equitable powers has jurisdiction over a complaint that seeks equitable relief, it has authority to award whatever damages are incident to the complaint. *Id.*

■ After it had been ordered to show cause why Soviero's software should not be returned to him, the government, according to the complaint, high-handedly destroyed it. If the software held records of drug transactions—as the government apparently believes it did—the appropriate means to establish that fact as a reason for refusing to return the property would have been to present the software to the district court. According to Soviero, the software "represented many months of difficult programming which resulted in several programs of some possible commercial value." On remand, the district court should receive evidence with respect to the value of the software and the circumstances of its destruction. Appellant should be permitted to seek damages if the district court determines the government's conduct renders it liable for such. *See Mora*, 955 F.2d at 161; *Martinson*, 809 F.2d at 1370.

■ With respect to the hardware, the government contends that it became subject to forfeiture in administrative proceedings where Soviero was entitled to ask for remission or mitigation of any order of seizure or to seek judicial review. Under these circumstances, the government continues, appellant had an adequate remedy at law and the district court was therefore effectively divested of jurisdiction to entertain appellant's motion. We rejected a similar argument in *Mora*, noting

> when the government gives away, loses or destroys a prisoner's property, such unilateral conduct on the government's part does not ... deprive the court ... of its jurisdiction. Rather, when a court

has asserted its equitable jurisdiction over a matter, it retains that jurisdiction so long as necessary to afford appropriate relief to the movant.

955 F.2d at 160; *see also United States v. Wilson*, 540 F.2d 1100, 1104 (D.C.Cir.1976) (adequate civil remedy "neither discharges the district court's duties nor disturbs its jurisdiction").

The government's actions here were particularly intransigent since it transferred the hardware to the DEA for forfeiture after being ordered to show cause why the hardware should not be returned to appellant. The notebooks purportedly containing evidence that the hardware was used to record drug transactions, as well as the software on which those records were allegedly stored, were destroyed. Thus, rather than show cause why the hardware should not be returned to Soviero, the government unilaterally destroyed the only evidence that could have established such cause, that is, that the hardware was forfeitable. This conspicuous evasion of a court order should not work to the government's advantage so that it is enabled by its own efforts to divest of jurisdiction the district court that issued the order. Instead, the trial court retains jurisdiction over this matter and should exercise it so as to afford appropriate relief to Soviero.

The government insists that even if Soviero's motion did not become moot when it was denied by the district court, it became moot in January 1992. In its appellate brief the government advises that the Office of the United States Attorney declined to seek forfeiture of the computer hardware and instructed the DEA to return the property to appellant. Soviero asserts on the contrary that, as of the date of this appeal, his hardware has not been returned. Nor, for that matter, appellant continues, has he received the property that the government did not destroy or forfeit, which it assured the district court in its August 15, 1991 letter it was returning to him. The trial court should therefore direct the government to prove that all items not properly disposed of prior to July 1991 have actually been returned to

Soviero. *See Mora*, 955 F.2d at 160 (district court retains jurisdiction "so long as necessary to afford appropriate relief to the movant").

In *Mora*, where it appears the government lost movant's property, the government argued unsuccessfully that the movant should not be allowed to seek damages because the government's inability to return the property was not a product of its "willful flouting" of the district court's authority. 955 F.2d at 159. In this case, even that argument is not available. Faced with an order to show cause why Soviero's property should not be returned to him, the government responded not by presenting arguments or evidence in court, but by unilaterally placing the property beyond Soviero's reach and then insisting that his motion was moot. This type of action is at the least arbitrary, quite possibly in bad faith and, in any event, will not be countenanced by this Court. The district court should insist on a complete explanation at the directed hearing from those responsible.

## CONCLUSION

With respect to the computer software, Soviero's motion is not moot, and the district court should conduct a hearing and determine whether he is entitled to damages as an equitable remedy. With respect to the computer hardware, Soviero's motion is not moot until the hardware has actually been returned. If this property is not forthcoming, the district court should also determine whether Soviero is entitled to damages as an equitable remedy for the loss of computer hardware at the directed hearing.

The order denying appellant's motion is reversed and the case remanded to the district court for further proceedings in accordance with this opinion.