**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-6398

BYRON JONES, a/k/a Carl Lee, a/k/a
"B",
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CR-92-153-3-P)

Argued: May 4, 2000

Decided: September 13, 2000

Before WILKINS, MOTZ, and KING, Circuit Judges.

_____

Affirmed by published opinion. Judge Wilkins wrote the opinion, in
which Judge Motz and Judge King joined.

_____

**COUNSEL**

**ARGUED:** Nathan Antonni Vitan, Third Year Law Student, UNI-
VERSITY OF VIRGINIA SCHOOL OF LAW APPELLATE LITI-
GATION CLINIC, Charlottesville, Virginia, for Appellant. Timika
Shafeek, Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Charlotte, North Carolina, for
Appellee. **ON BRIEF:** Neal L. Walters, Jonathan Siegelbaum, Third

Year Law Student, UNIVERSITY OF VIRGINIA SCHOOL OF LAW APPELLATE LITIGATION CLINIC, Charlottesville, Virginia, for Appellant. Mark T. Calloway, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

**OPINION**

WILKINS, Circuit Judge:

Byron Jones appeals an order of the district court denying in part his motion for the return of property. See Fed. R. Crim. P. 41(e). We affirm.

I.

At Jones' arrest in 1992, four firearms, one gray duffle bag, $266 in currency, five digital pagers, one calculator, several pieces of gold jewelry, and miscellaneous personal papers were seized. It is undisputed that the Government never instituted forfeiture proceedings concerning this property. Jones filed a Rule 41(e) motion for the return of the property in June 1997. Concluding that the motion was untimely, the district court denied the motion based on the doctrine of laches. On appeal, we determined that the district court abused its discretion in denying Jones' motion because the court failed to consider one element of the doctrine of laches: whether the non-moving party was materially prejudiced by the delay. See United States v. Jones, No. 97-6959, 1998 WL 454090, at *1 (4th Cir. July 28, 1998) (unpublished). Accordingly, we vacated the order and remanded for the district court to consider whether the Government was materially prejudiced by Jones' delay in filing his Rule 41(e) motion. See id.

On remand, the district court ordered the Government to respond to Jones' motion. The Government submitted a two-page response in which it indicated that the firearms, duffle bag, pagers, calculator, and jewelry had been "destroyed or disposed of otherwise," and that the Government therefore had been prejudiced by Jones' delay. J.A. 40. The district court granted Jones' motion for the return of all property

2

that had not been destroyed by the Government, i.e., Jones' personal papers and the $266 in currency. However, the court denied Jones' motion with regard to the destroyed property, reasoning that it lacked jurisdiction to entertain Jones' claim for damages arising out of the destruction of the property.**1**

II.

Jones argues that the district court erred in concluding that it lacked jurisdiction over his claim for damages brought under Rule 41(e). We review the jurisdictional determination of the district court de novo. See Hukill v. Auto Care, Inc., 192 F.3d 437, 441 (4th Cir. 1999), cert. denied, 120 S. Ct. 1978 (2000).

As authority for his assertion that the district court possesses jurisdiction to award damages in a Rule 41(e) action, Jones points to a footnote in United States v. Kanasco, Ltd., 123 F.3d 209 (4th Cir. 1997), in which we held that a Rule 41(e) action does not become moot when the government destroys the property being sought. See Kanasco, 123 F.3d at 210 n.1. We stated the maxim that "'When a court possessing equitable powers has jurisdiction over a complaint that seeks equitable relief, it has authority to award whatever damages are incident to the complaint.'" Id. (quoting Soviero v. United States, 967 F.2d 791, 793 (2d Cir. 1992)). Since we decided Kanasco, however, at least two circuits have held that sovereign immunity deprives courts of jurisdiction to award damages in a Rule 41(e) action. See United States v. Bein, 214 F.3d 408, 412-16 (3d Cir. 2000); Pena v. United States, 157 F.3d 984, 986 (5th Cir. 1998). Because Kanasco did not address the effect of sovereign immunity on the legal jurisdiction of the courts in the Rule 41(e) context, we are free to address the issue now.**2** See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S.

_____

**1** The district court also determined that the doctrine of laches prevented Jones from obtaining any Rule 41(e) relief for the destroyed items because the Government would be prejudiced if it were penalized for failing to retain possession of these items. In light of our decision to affirm on the jurisdictional basis, we need not address this issue.

**2** Nor did either of the cases on which we relied in Kanasco address the jurisdictional issue of sovereign immunity. See Soviero, 967 F.2d at 793-94; Mora v. United States, 955 F.2d 156, 159-60 (2d Cir. 1992).

3

89, 119 (1984) (holding that a court faced with a jurisdictional question is not bound by its exercise of jurisdiction in a prior case in which the jurisdictional question was not directly confronted); Webster v. Fall, 266 U.S. 507, 511 (1925) (stating that "[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents").

Sovereign immunity deprives a court of jurisdiction. See Global Mail Ltd. v. United States Postal Serv., 142 F.3d 208, 210 (4th Cir. 1998). Further, sovereign immunity can be waived only by an unequivocal and express act of Congress. See Lane v. Pena, 518 U.S. 187, 192 (1996). Rule 41(e) does not contain a waiver of sovereign immunity. See Fed. R. Crim. P. 41(e). We therefore agree with the Third and Fifth Circuits that courts lack jurisdiction to award damages under Rule 41(e).**3** See Bein , 214 F.3d at 412-16; Pena, 157 F.3d at 986. Accordingly, we hold that the district court correctly concluded that it lacked jurisdiction to award damages under Rule 41(e) for the property destroyed by the Government.

III.

We affirm the order of the district court granting Jones' motion for the return of his personal papers and $266 in currency and denying relief as to the destroyed property.**4**

_____

**3** We are mindful of the concern expressed by the Ninth Circuit that the government should not be able to defeat jurisdiction by the unilateral act of destroying the property sought in a Rule 41(e) motion. See United States v. Martinson, 809 F.2d 1364, 1368 (9th Cir. 1987). We are bound, however, to honor the government's sovereign immunity from damages in a Rule 41(e) action. We express no view as to whether alternative legal avenues may afford Jones and others in his situation some relief. See United States v. James Daniel Good Real Property , 510 U.S. 43, 48 (1993) (noting that the Due Process Clause generally requires the government to provide notice and an opportunity to be heard before depriving an individual of his property).

**4** We also affirm that portion of the order denying Jones' motion for the return of $1,180 in currency that was not seized in relation to the same offense as the other property.

4

<u>AFFIRMED</u>

_____

In <u>United States v. Minor</u>, No. 99-6047 (4th Cir. Sept. 13, 2000), argued the same day as this case, we held that we had equitable jurisdiction over Minor's suit for the return of forfeited currency. If Minor's claim is eventually successful, he will receive money as his relief. However, our holding here does not bar the relief sought by Minor, because that remedy is not legal: "the fact that the government obviously cannot restore to Minor the specific currency that was seized does not transform the motion into an action at law."

5