# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3979

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Roy Lee Hall, | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted:  June 12, 2001

Filed:   October 19, 2001

_____

Before LOKEN and HALL,* Circuit Judges,  and ROSENBAUM,** District Judge.

_____

LOKEN, Circuit Judge.

Roy Lee Hall was convicted of conspiracy to distribute and possession with intent to distribute methamphetamine. We affirmed his conviction and sentence. See United States v. Hall, 171 F.3d 1133, 1138 (8th Cir. 1999), cert. denied, 529 U.S. 1027 (2000). Hall then filed a *pro se* motion for the return of property federal agents

_____

*The HONORABLE CYNTHIA HOLCOMB HALL, United States Circuit Judge for the Ninth Circuit, sitting by designation.

**The HONORABLE JAMES M. ROSENBAUM, Chief Judge of the United States District Court for the District of Minnesota, sitting by designation.

had seized during their pretrial investigations.  The district court granted the motion, and the government returned some property to Hall.  However, the government advised that it could not return Hall's 1978 Chevrolet pickup and a waterbed headboard and liner because "these items were turned over to a towing service August 8, 1995, and have been out of the custody of the government since that time."  Hall then filed an amended motion seeking money damages in lieu of the missing property. The district court granted that motion and awarded Hall $2100 as the fair market value for his lost property, rejecting the government's contention that the court lacked jurisdiction to award money damages under Rule 41(e) of the Federal Rules of Criminal Procedure.  The government appeals.  Concluding that sovereign immunity bars the district court's award of monetary relief under Rule 41(e), we reverse and remand for further proceedings.

Criminal Rule 41 contains detailed provisions governing the issuance, contents, execution, and return of search warrants in federal criminal cases.  When first adopted in 1944, Rule 41 replaced federal statutes previously covering the same subjects.[1] Rule 41(e) provides a judicial procedure by which any person, including those not accused of federal offenses, may seek to recover property that has been seized by federal agents.  Rule 41(e)  provides in relevant part:

> **(e) Motion for Return of Property.**  A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property.  The court shall receive evidence on any issue of fact necessary to the decision of the motion.  If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings.

---

[1]See Espionage Act of June 15, 1917, ch. 30, tit. XI, 40 Stat. 228-30, codified at 18 U.S.C. §§ 611-33 (1925).

Because Rule 41(e) does not expressly authorize an award of money damages, the question has occasionally arisen whether a moving party is entitled to such relief if the property seized by the government has been lost, destroyed, or transferred to a third party. Noting that Rule 41(e) proceedings are equitable in nature, some circuits have concluded (or at least strongly suggested) that federal courts may award money damages, pursuant to their inherent power to afford adequate equitable relief, when the moving party is entitled to the return of property the government has lost, destroyed, or transferred. See Soviero v. United States, 967 F.2d 791, 792-93 (2d Cir. 1992); Mora v. United States, 955 F.2d 156, 161 (2d Cir. 1992); United States v. Martinson, 809 F.2d 1364, 1368 (9th Cir. 1987). Though we have not addressed the question of money damages, we have relied upon Soviero and Mora in holding that Rule 41(e) proceedings do not become moot merely because the government is no longer in possession of the property in question. Thompson v. Covington, 47 F.3d 974, 975 (8th Cir. 1995), followed in United States v. Willson, 2001 WL 521446 (8th Cir. May 17, 2001) (unpublished), and Thompson v. FBI, 1997 WL 413605 (8th Cir. July 23, 1997) (unpublished), cert. denied, 522 U.S. 1032 (1997). The district court concluded that these decisions establish its jurisdiction to award Hall $2100 in lieu of the lost property. We disagree.

None of the above-cited cases addressed the question of sovereign immunity.[2] Apparently, the government did not raise the defense in those cases, perhaps because Supreme Court decisions such as Bowen v. Massachusetts, 487 U.S. 879 (1988), suggested that a statute granting power to award equitable relief against the United States authorizes the award of incidental monetary relief. But the sovereign immunity landscape has changed in the last ten years. In United States v. Nordic Village, Inc.,

---

[2]Accordingly, the district court erred in considering itself bound by these prior Eighth Circuit cases. "[W]hen questions of jurisdiction have been passed on in prior decisions sub silentio, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 119 (1984) (quotation omitted).

503 U.S. 30, 39 (1992), the Court construed a provision of the Bankruptcy Code as authorizing declaratory and injunctive relief against the government but held that it did not contain the "unequivocal textual waiver" required to authorize "a recovery of money from the United States." In Lane v. Pena, 518 U.S. 187, 197 (1996), the Court held the United States immune from damage claims under § 504 of the Rehabilitation Act, agreeing with the government that, "where a cause of action is authorized against the federal government, the available remedies are not those that are 'appropriate,' but only those for which sovereign immunity has been expressly waived." Finally, in Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 263 (1999), the Court narrowly construed Bowen, holding that the Administrative Procedure Act, by authorizing equitable relief but not money damages against the United States, does not waive the government's sovereign immunity from monetary relief that is "compensation for the loss," even if that monetary relief is labeled "equitable."

In the wake of Nordic Village, Lane, and Blue Fox, three other circuits have concluded that Rule 41(e) does not contain the explicit waiver of sovereign immunity required to authorize monetary relief against the government when property cannot be returned. See United States v. Jones, 225 F.3d 468, 470 (4th Cir. 2000), cert. denied, 121 S. Ct. 2195 (2001); United States v. Bein, 214 F.3d 408, 415 (3d Cir. 2000), petition for cert. filed, 69 U.S.L.W. 3646 (U.S. Mar. 15, 2001) (No. 00-1469); see also United States v. Pena, 157 F.3d 984, 986 (5th Cir. 1998). We agree. Requiring the government to pay Hall $2100 for the lost property is clearly a compensatory remedy; in the words of Blue Fox, it is "substitute and not specific relief." 525 U.S. at 263. "[W]aivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed." Nordic Village, 503 U.S. at 33 (quotation omitted). Rule 41(e) contains no such waiver, and we may not use general equitable principles to fill the gap. As the Tenth Circuit said in United States v. 30,006.25 in U.S. Currency, 236 F.3d 610, 614 (10th Cir. 2000), cert. denied sub nom. Rodgers v. United States, No. 00-10412 (U.S. Oct. 1, 2001), "fairness or policy reasons cannot by themselves waive sovereign immunity." See also Library of

-4-

<u>Congress v. Shaw</u>, 478 U.S. 310, 321 (1986). Accordingly, the district court exceeded its Rule 41(e) jurisdiction in awarding monetary relief.

However, this Rule 41(e) proceeding is not moot. Other statutes authorize money damages against the United States, such as the Tucker Act, 28 U.S.C. § 1491, the Little Tucker Act, 28 U.S.C. § 1346(a)(2), and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-81. A cause of action may accrue under one or more of those statutes when the government discloses that it has lost, destroyed, or transferred property that would otherwise be subject to a Rule 41(e) order to return. If such a cause of action has accrued, the government's sovereign immunity from an award of money damages may well be waived. <u>See</u> <u>United States v. Mitchell</u>, 463 U.S. 206 (1983). Therefore, when a district court conducting a Rule 41(e) proceeding learns that the government no longer possesses property that is the subject of the motion to return, the court should grant the movant (particularly a movant proceeding *pro se*, such as Hall) an opportunity to assert an alternative claim for money damages. The court also retains equitable jurisdiction under Rule 41(e) to resolve issues of fact that may help to determine whether such an alternative claim is cognizable. <u>See</u> <u>United States v. Chambers</u>, 192 F.3d 374, 378 (3d Cir. 1999).

The district court's order dated November 8, 2000 is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

ROSENBAUM, District Judge, concurring.

I join the Court's opinion, but write separately to express my view that the law we are bound to apply is ill-considered in the context of Rule 41 of the Federal Rules of Criminal Procedure. I urge its reconsideration.

We hold, as we must, that sovereign immunity bars monetary relief in this case. But our holding does nothing to deter the government's flagrant violation of Rule 41

and nothing to constrain its bald abuse of power. Justice Stevens predicted this when dissenting from one of the decisions compelling our ruling. He wrote, "The injustice that the Court condones today demonstrates that it is time to reexamine the wisdom of the judge-made rules that drive its decision." United States v. Nordic Village, Inc., 503 U.S. 30, 39 (1992) (Stevens, J., dissenting).

The facts of this case exemplify the injustice Justice Stevens foretold. The government seized Mr. Hall's property under color of Rule 41, but thereafter disposed of it in derogation of its concomitant duty to return private property not needed for evidence. See United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999). In doing so, the government carelessly deprived one of its citizens of his property. It did so after availing itself of the very Federal Rule it would later disregard. Unfortunately for Mr. Hall, however, the authors of Rule 41 did not anticipate that the government would flagrantly disregard the Rule's mandate.

In the absence of any effective penalty for non-compliance with the dictates of Rule 41, the government more than once has disposed of private property to which its citizens held lawful title. As a result, several Circuit Courts of Appeals have invoked their inherent equitable powers and ordered the government to pay damages after it has lost, destroyed, or transferred seized private property. See Soviero v. United States, 967 F.2d 791, 792-93 (2d. Cir. 1992); Mora v. United States, 955 F.2d 156, 161 (2d Cir. 1992); United States v. Martinson, 809 F.2d 1364, 1368 (9th Cir. 1987). In Martinson, the Ninth Circuit observed, "When a citizen has invoked the jurisdiction of a court by moving for return of his property, we do not think that the government should be able to destroy jurisdiction by its own conduct. The government should not at one stroke be able to deprive the citizen of a remedy and render powerless the court that could grant the remedy." Martinson, 809 F.2d at 1368. With today's holding, we allow the government to do precisely that.

The Supreme Court's recent sovereign immunity precedents constrain us to deny recompense after the government has disregarded a Federal Rule, approved of by both the Supreme Court and Congress. See United States v. Nordic Village, 503 U.S. 30, 33 (1992) ("Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed." (internal quotations omitted)); *Id.* at 34 ("[T]he Government's consent to be sued must be construed strictly in favor of the sovereign." (internal quotations omitted)); Lane v. Pena, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied.").

In the past three years, three of our sister Circuit Courts of Appeals have been obliged to rule the same way. See United States v. Jones, 225 F.3d 468, 470 n.3 (4th Cir. 2000) ("We are mindful of the concern expressed by the Ninth Circuit [in Martinson] that the government should not be able to defeat jurisdiction by the unilateral act of destroying the property sought in a Rule 41(e) motion. . . . We are bound, however, to honor the government's sovereign immunity from damages in a Rule 41(e) action."); United States v. Bein, 214 F.3d 408, 413-15 (3d Cir. 2000) ("While we respect this policy argument [of the Ninth Circuit in Martinson], . . . application of sovereign immunity, by its very nature, will leave a person wronged by Government conduct without recourse."); United States v. Pena, 157 F.3d 984, 986 (5th Cir. 1998) ("However compelling his case, Pena may not maintain a suit against the United States for monetary damages under Rule 41(e).").

The reasoning supporting our holding today seems suspect, and the Executive Branch's claim of sovereign immunity seems hollow. Consider: the Federal Rules of Criminal Procedure did not simply spring forth like Athena from the forehead of Zeus. The Executive Branch – through the Department of Justice – has substantial input into the Rules drafting process. Proposed Rules are offered to the Supreme Court, which approves the proffered Rules and forwards them to Congress. Congress is, thereafter, afforded the statutory authority to accept, amend, or reject the proposed

Rules. See Rules Enabling Act, 28 U.S.C. §§ 2071-74. Through this process Congress allowed Rule 41 to go into effect.

The Executive Branch is aware of the nature of sovereign immunity; the Judicial and Legislative Branches know it, too. Each assented to Rule 41's dictate requiring the government to return seized property to which it has no claim. The instruction is *explicit*. Under these circumstances, when all three Branches of our government assent to a Rule, it hardly seems an *implicit* waiver of the government's sovereign immunity when the government must be forced to answer for its citizen's losses after it flaunts the Rule.

Every legitimate assertion of sovereign immunity, by its nature, leaves a person wronged by government conduct without recourse. See Bein, 214 F.3d at 413. But when all Branches of government have had a hand in imposing an affirmative duty upon the government, a court-contrived version of sovereign immunity needlessly exacerbates this harsh rule. Cf. Nordic Village, Inc., 503 U.S. at 45-46 (Stevens, J., dissenting) ("The Court's stubborn insistence on 'clear statements' burdens the Congress with unnecessary reenactment of provisions that were already plain enough when read literally. The cost to litigants, to the legislature, and to the public at large of this sort of judicial lawmaking is substantial and unfortunate. Its impact on individual citizens engaged in litigation against the sovereign is tragic." (footnote omitted)).

Our opinion correctly notes that both the Tucker Act and the Federal Tort Claims Act authorize money damages. Similarly, when the Fifth Circuit Court of Appeals held that sovereign immunity bars monetary relief under Rule 41, it granted the property owner leave to amend his pleadings to include a Bivens claim against the federal agents directly to seek redress for his loss. See Pena, 157 F.3d at 987. The possibility of alternative relief to some extent ameliorates this case's bitter outcome.

But we sully, rather than protect, the nation's sovereignty when we erect a constitutional shield guarding the government from its own wrongdoing.

So, as we must, we reverse the District Court. But this Judge respectfully suggests it is well past time to reconsider the law requiring us to do so.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.