# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1805

_____

United States of America,          *
          *
       Appellee,      *
          *   Appeal from the United States
   v.            *   District Court for the
          *   Southern District of Iowa.
Robert Joseph Willson, Jr.,    *
          *      [UNPUBLISHED]
       Appellant.     *

_____

Submitted:  April 3, 2003

Filed:  April 10, 2003

_____

Before HANSEN,[1] Chief Judge, MORRIS SHEPPARD ARNOLD and BYE, Circuit
Judges.

_____

PER CURIAM.

Robert Willson, Jr., who was sentenced on drug conspiracy charges, appeals
the district court's[2] denial of his Federal Rule of Criminal Procedure 41(e) motion for

_____

[1]The Honorable David R. Hansen stepped down as Chief Judge of the United
States Court of Appeals for the Eighth Circuit at the close of business on March 31,
2003.  He has been succeeded by the Honorable James B. Loken.

[2]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court
for the Southern District of Iowa.

return of property, following remand and an evidentiary hearing. The property at issue is a Honda automobile, $1,400 in cash, and purported bail-bond notes, all seized during a search of his residence. Mr. Willson raises challenges to the court's pre- and post-hearing rulings, and to the court's conduct of the hearing itself, all of which we reject as meritless following our review of the district court record and the hearing transcripts.

Specifically, the district court did not abuse its discretion when it refused to appoint standby counsel. Mr. Willson had refused the assistance of Attorney Alfredo Parrish, whom the court had offered to appoint for him, and instead elected to proceed pro se. Mr. Willson did not assert an alleged conflict with Mr. Parrish until much later in the proceedings, nor did he adequately explain that conflict, and he showed himself capable of presenting his case. See Rayes v. Johnson, 969 F.2d 700, 702-03 (8th Cir.), cert denied, 506 U.S. 1021 (1992). The court also did not abuse its discretion in refusing to pay for an investigator to find and serve Mr. Willson's witnesses, or to grant Mr. Willson more time to serve the witnesses himself, given Mr. Willson's refusal to enlist the help of Mr. Parrish--who remained available to assist him on request--and the length of time Mr. Willson had had to find and serve the witnesses.

Mr. Willson's complaints about the government's discovery responses and late provision of discovery fail because he shows neither abuse of discretion by the district court, see Duffy v. Wolle, 123 F.3d 1026, 1040 (8th Cir. 1997), cert. denied, 523 U.S. 1137 (1998), nor resulting prejudice. We also find unsupported his assertion that the government destroyed paperwork seized from his residence as drug notes, to prevent him from proving that the material constituted bail-bond notes. And having carefully reviewed the hearing transcripts, we find no evidence that the district judge exhibited bias, improperly hindered Mr. Willson's efforts to prove his case, or acted with anything other than proper judicial decorum.

Further, we conclude that the district court did not clearly err in finding (1) that the Honda had been reported stolen, and thus, state authorities towed it from Mr. Willson's property and destroyed the Honda when the actual owner refused to reclaim it, (2) that the $1,400 had been mistakenly applied to satisfy the forfeiture obligation of Mr. Willson's father (a co-defendant in the drug conspiracy case), and (3) that the search team seized the purported bail-bond notes based on a reasonable belief that the material represented drug notes. See United States v. Felici, 208 F.3d 667, 669-70 (8th Cir. 2000) (in appeal of Rule 41(e) decision, this court reviews district court's factual findings for clear error and its legal conclusions de novo), cert. denied, 531 U.S. 1201 (2001). Accordingly, we conclude that the district court did not err in denying Rule 41(e) relief for a stolen car whose destruction occurred at the hands of state authorities; for paperwork destroyed as drug notes, see id. at 670-71 (explaining limited-derivative-contraband-theory defense in Rule 41(e) proceedings); and for a mistaken forfeiture of cash, see United States v. Hall, 269 F.3d 940, 943 (8th Cir. 2001) (discussing sovereign immunity in Rule 41(e) proceedings), cert. denied, 122 S. Ct. 2626 (2002).

We also conclude that the court properly entered judgment after Mr. Willson failed to file an alternative claim for money damages against the government (for the mistaken forfeiture of his cash) within the time frame imposed by the district court. Finally, we find meritless Mr. Willson's assertions that he did not file the alternative claim because he had moved for reconsideration and had thought that the court's deadline would be tolled while the court entertained his reconsideration motion, or that the court would rule on his motion in time for him to file the alternative claim before the court's deadline.

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.