**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 5, 2005**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CRAIG CLYMORE, also known as Cliff
G. Wilson, also known as Wayne Samuel
Powell, also known as Kevin Riley, also
known as Steve Brown, also known as
James Burchell,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 02-2264

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CIV-96-763 JC/RLP)**

---

Jody Neal-Post (Christal K. Girsham with her on the briefs), Albuquerque, New Mexico,
for Plaintiff - Appellant.

Stephen R. Kotz, Assistant U.S. Attorney (David C. Iglesias, United States Attorney, with
him on the briefs), Albuquerque, New Mexico, for Defendant - Appellee.

---

Before **MURPHY,** Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **O'BRIEN**,
Circuit Judge.

---

**O'BRIEN**, Circuit Judge.

---

This is the third appeal by Craig Clymore arising from his motion for return of property filed pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure.[1]  In the latest remand, the district court granted summary judgment in favor of the government and denied Clymore's motions to reconsider.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we reverse and remand.

## I. Background

On November 23, 1991, Craig Clymore (Clymore) and co-defendant Glen Zacker (Zacker) were arrested near Carlsbad, New Mexico, after landing a Cessna TU 206 aircraft (Tail No. N735ZG) containing 785.6 pounds of marijuana.  As a result of the arrest, federal agents seized four items of property: the Cessna airplane, $4,510 in U.S. currency, an ICOM portable transceiver, and three million Mexican pesos.

Clymore and Zacker pled guilty to conspiracy to possess with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and

---

[1]Effective December 1, 2002, Rule 41 was amended and reorganized.  What was formerly Rule 41(e) is now found at Rule 41(g) with minor stylistic changes.  Rule 41(g) provides:

> **Motion to Return Property**. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

FED. R. CRIM. P. 41(g).  For purposes of this appeal and to remain consistent with the parties' briefs, we will continue to refer to the rule as Rule 41(e).

18 U.S.C. § 2. In December 1992, Clymore was sentenced to 121 months imprisonment. The four items seized were administratively forfeited.

On June 4, 1996, Clymore filed a *pro se* motion for return of property pursuant to Rule 41(e). In the motion, he sought the return of nine items of property, the four items mentioned above and five other items seized in unrelated matters. Clymore and the government filed cross-motions for summary judgment. The motions were referred to a magistrate judge, who recommended granting the government's motion and denying Clymore's motion. The district court adopted the magistrate judge's recommendations. Clymore appealed.

We affirmed in part, reversed in part and remanded in part. *See Clymore v. United States*, 164 F.3d 569 (10th Cir. 1999) (*Clymore I*). We determined that because the five items seized in unrelated matters were forfeited by state proceedings or in another federal district, the district court lacked jurisdiction over these items. *Id.* at 571-72, 574-75. As to the other four items, however, we concluded Clymore had not received constitutionally adequate notice regarding their administrative forfeiture. *Id.* at 572. Consequently, we held the administrative forfeiture of these items was void and must be vacated. *Id.* at 573. Because the five-year statute of limitations for forfeiting these items had run, we remanded the case to the district court for further proceedings, including a determination of whether the government had any defense to the operation of the statute of limitations. *Id.* at 573-75.

3

On remand, the government filed another motion for summary judgment, arguing, *inter alia*, that the statute of limitations for filing a civil forfeiture complaint should be equitably tolled. The matter was again referred to a magistrate judge, who agreed with the government and recommended the statute of limitations be equitably tolled from the date of the administrative forfeiture until the date *Clymore I* found the forfeiture to be constitutionally defective. On April 26, 2000, the district court issued an order, adopting the magistrate judge's recommendation and dismissing Clymore's claims. Clymore again appealed. One day later, the government filed a civil forfeiture complaint *in rem* against the four items of property (Case No. CV-00-683). The forfeiture action was stayed by a magistrate judge pending the outcome of the appeal. It remains stayed to this day.

On appeal, we rejected Clymore's argument that equitable tolling did not apply to civil forfeiture proceedings. *See United States v. Clymore*, 245 F.3d 1195, 1197-98 (10th Cir. 2001) (*Clymore II*). However, we determined the district court had relied on a mistake of fact in concluding that equitable tolling applied. *Id.* at 1198. Accordingly, despite noting that equitable tolling did not appear to apply under the facts of the case, we remanded to the district court for reconsideration of the equitable tolling issue. *Id.* at 1199.

We also rejected Clymore's argument that the property should be immediately returned to him because the administrative forfeiture proceedings had been vacated by *Clymore I*. *Id.* at 1199. We concluded that even if the statute of limitations prevented the

4

government from initiating new forfeiture proceedings against the property, Clymore was not automatically entitled to the return of the property. *Id.* at 1200. Rather, we determined that if the government could establish that the property falls under the auspices of 21 U.S.C. § 881(a),[2] the government could be awarded quiet title to the property in a Rule 41(e) proceeding and its right to the property could only be disgorged

---

[2] This statute provides:

**(a) Subject property**

The following shall be subject to forfeiture to the United States and no property right shall exist in them:

(1) All controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this subchapter.

(2) All raw materials, products, and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance or listed chemical in violation of this subchapter.

. . . .

(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9).

. . . .

(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

. . . .

(8) All controlled substances which have been possessed in violation of this subchapter . . . .

by "a judicial or administrative order concluding that the property should be returned to an innocent owner or [an owner] aggrieved by an illegal seizure [of the property]." *Id.* at 1202. In summary, we stated:

> [A]fter we held in *Clymore I* that the administrative forfeitures were void, the district court had before it a party [the government] with statutorily-permissible legal possession of, but an unperfected right to title to, what appears to be derivative contraband and instrumentalities, and a claimant [Clymore] alleging a right to lawful possession and the equitable right to return of that property. The court may still quiet title to the property in favor of the government as to Mr. Clymore in a properly-supported motion for summary judgment. However, in order to do so, it must determine that no genuine issues of material fact exist regarding the character of the property as § 881(a) property, Mr. Clymore's status as an innocent owner, and the legality of the government's seizure and possession.

*Id.* at 1202-03 (citation omitted).

On remand, the district court first determined the government was not entitled to equitable tolling of the statute of limitations. However, it further concluded Clymore was not entitled to the return of property because (1) it was § 881(a) property, (2) Clymore was not an innocent owner, and (3) the seizure of the property was constitutional. Consequently, on April 18, 2002, the district court granted summary judgment to the government.

Subsequently, Clymore filed a motion for partial reconsideration, which the court denied by order dated June 20, 2002. In this order, the district court, upon request of the government, addressed Clymore's claim of ownership in the subject property and concluded he had failed to demonstrate a "rightful possessory interest in the property."

6

(Appellant's App. at 122.) Specifically, as to the Cessna aircraft, the court found the government had presented sufficient evidence to demonstrate that Zacker, not Clymore, was the purchaser and owner. Thereafter, Clymore filed another motion for reconsideration, which was also denied.

On September 19, 2002, Clymore filed a notice of appeal. This appeal was consolidated, for procedural purposes only, with *United States v. Rodriguez-Aguirre*, No. 02-2340, which is addressed in a separate opinion. On appeal, Clymore only seeks return of the actual property or its monetary equivalent.

## II. Timeliness of Appeal

The government argues we lack jurisdiction over this appeal because Clymore failed to file his notice of appeal within sixty days of the district court's April 18, 2002 order. Relying on *United States v. Marsh*, 700 F.2d 1322 (10th Cir. 1983),[3] the government asserts that although Clymore's initial motion for partial reconsideration tolled the appeal period, his second motion for reconsideration did not. Thus, it alleges that our review, if any, is limited to whether the district court abused its discretion in denying Clymore's second motion for reconsideration. We disagree.

Rule 58 of the Federal Rules of Civil Procedure[4] provides that "[e]very judgment

---

[3] In *Marsh*, we held that a defendant's motion for reconsideration of a trial court's order denying a motion for a new trial did not toll the time in which to file his notice of appeal. 700 F.2d at 1324-28.

[4] Although Clymore's action is brought pursuant to Rule 41(e), a federal rule of *criminal* procedure, "[p]roceedings surrounding the motion for return of property seized

7

shall be set forth on a separate document."[5] Rule 4(a)(1)(A),(B) of the Federal Rules of

Appellate Procedure requires a party in a civil case to file a notice of appeal within thirty

or sixty days "after the judgment or order appealed from is entered." Subsection (a)(7) of

that same rule provides that a judgment or order is entered "when it is entered in

compliance with Rule[] 58 . . . of the Federal Rules of Civil Procedure." Here, a separate

judgment was never entered. "The Supreme Court has recognized that the separate-

document rule must be 'mechanically applied' in determining whether an appeal is

timely." *Allison v. Bank-One Denver*, 289 F.3d 1223, 1232 (10th Cir. 2002) (quoting

---

in a criminal case are *civil in nature*. . . ." *United States v. Maez*, 915 F.2d 1466, 1468 (10th Cir. 1990) (emphasis added). Therefore, we apply the Federal Rules of Civil Procedure for determining whether Clymore's appeal was timely. *See United States v. Madden*, 95 F.3d 38, 39 n.1 (10th Cir. 1996).

[5] Rule 58 was amended effective December 1, 2002. Under the new amendments, a separate document is still required for both initial and amended judgments. *See* FED. R. CIV. P. 58(a)(1). However, "to ensure that appeal time does not linger on indefinitely," the amendments added a 150-day rule when no separate judgment is entered. FED. R. CIV. P. 58(b); Advisory Committee's Notes to 2002 Amendments. Specifically, if a separate judgment is required to be entered (as in this case) and the district court fails to do so (also as in this case), then the judgment is considered "entered" 150 days from entry of the order on the civil docket. *Id.* Rule 4(a)(7) of the Federal Rules of Appellate Procedure, defining when a judgment is considered entered, was similarly amended.

Whether this amendment should be applied retroactively in this case is irrelevant because our conclusion would be the same under either version of the rule. Under the amendments, the district court's order in this case would be considered "entered" on September 15, 2002, 150 days from April 18, 2002, the date the district court's order was entered on the civil docket. Therefore, Clymore's September 19, 2002 notice of appeal, filed within sixty days of September 15, 2002, is timely. *See* FED. R. APP. P. 4(a)(1)(B) ("When the United States . . . is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered.").

*Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386 (1978)). "[A]bsent a formal judgment, a district court's order remains appealable." *Id.* (quotations omitted). "Although parties may waive Rule 58's separate-document requirement by allowing an appeal to go forward, such waiver cannot be used to defeat appellate jurisdiction." *Id.* at 1233 (citation omitted). In the interests of efficiency and judicial economy, an appellate court may accept jurisdiction and address the merits of an appeal, even in the absence of a separate judgment, rather than require the parties to return to the district court to obtain one. *Id.*

Based on the above, Clymore's appeal is timely and we accept jurisdiction of this appeal, even in the absence of a separate Rule 58 judgment.

### III.  Sovereign Immunity

Clymore seeks the return of the four items seized from him at the time of his arrest, if obtainable, or their monetary equivalent. Based on the record, the Cessna aircraft was apparently transferred to the Eddy County Sheriff's Office on March 7, 1992. It appears the ICOM transceiver, U.S. currency and Mexican pesos were administratively forfeited sometime in 1992. At oral argument, the government stated it was no longer in possession of the subject property. The first issue that must be addressed is whether Rule 41(e) is the appropriate vehicle to seek the return of seized property which the government no longer possesses. More specifically, the question is whether sovereign immunity bars an award of monetary damages against the government in a Rule 41(e)

action when the property cannot be returned.[6]  We have yet to address the issue in a published opinion and the remaining circuits are split, with the majority finding that monetary damages against the government in a Rule 41(e) action are barred by sovereign immunity.

In *United States v. Jones*, 225 F.3d 468, 468 (4th Cir. 2000), Jones filed a Rule 41(e) motion for the return of property seized at his arrest.  The government indicated that some of the property sought had been "destroyed or disposed of otherwise."  *Id.* at 469.  The district court granted Jones' motion as to the property that had not been destroyed but denied the motion as to the remaining property.  *Id.*  In so ordering, the district court determined it lacked jurisdiction to entertain Jones' claim for damages arising out of the destruction of the property.  *Id.*  On appeal, the Fourth Circuit affirmed.  *Id.* at 470.  It held that sovereign immunity deprives a court of jurisdiction to award damages in a Rule 41(e) action where the property has been destroyed by the government.  *Id.* at 469-70.  In a footnote, the Court noted it was bound to honor the government's sovereign immunity even though to do so could result in the government being able to defeat jurisdiction by the unilateral act of destroying the property sought to be returned.  *Id.* at 470 n.3.

---

[6] We raise the sovereign immunity issue *sua sponte*.  *See Villescas v. Abraham*, 311 F.3d 1253, 1256 n.3 (10th Cir. 2002) (although not raised before the district court, sovereign immunity "cannot be waived by government attorneys, and we are required to address it even though raised for the first time on appeal"); *see also Nelson v. Geringer*, 295 F.3d 1082, 1098 n.16 (10th Cir. 2002) (discussing whether *sua sponte* consideration of sovereign immunity is obligatory or discretionary).  We find supplemental briefing unnecessary.

In *United States v. Potes Ramirez*, 260 F.3d 1310, 1312 (11th Cir. 2001), Ramirez filed a Rule 41(e) motion for the return of his military card, Colombian citizenship card, and navigational license, all which had been seized from him at the time of his arrest. In response, the government stated the documents had been destroyed. *Id.* Because the property had been destroyed, the district court denied the defendant's motion. *Id.* On appeal, the Eleventh Circuit held that the government's mere allegation that the property had been destroyed was insufficient evidence of the property's destruction. *Id.* at 1314. Accordingly, the Eleventh Circuit remanded the case to allow the government to present evidence of the property's destruction. *Id.* The Court proceeded to state that even if sufficient evidence is presented demonstrating the property's destruction, the district court could fashion an equitable remedy under Rule 41(e). *Id.* at 1314-15. However, the Court held that an award of money damages against the government under Rule 41(e) was barred by sovereign immunity. *Id.* at 1315-16. In a footnote, the Court stated, "[b]ecause Ramirez brought his claim under only Rule 41(e), we express no view as to whether alternative legal avenues may afford [him] some relief." *Id.* at 1316 n.10.

In *United States v. Hall*, 269 F.3d 940, 941 (8th Cir. 2001), Hall filed a Rule 41(e) motion seeking the return of property seized by the government. The district court granted the motion and the government returned some of the property to him. *Id.* The remaining property, however, could not be returned because it had been turned over to a towing service and was no longer in the government's custody. *Id.* Consequently, Hall

11

filed an amended motion seeking money damages in lieu of the missing property. *Id.*
The district court granted the motion, awarding Hall the fair market value of the missing
property and rejecting the government's argument that it lacked jurisdiction to award
money damages under Rule 41(e). *Id.* On appeal, the Eighth Circuit reversed and
remanded. *Id.* Although recognizing its previous holding that Rule 41(e) proceedings are
not moot merely because the government no longer possesses the subject property, it held
that because Rule 41(e) does not contain the explicit waiver of sovereign immunity
required to authorize monetary relief against the government, the district court exceeded
its Rule 41(e) jurisdiction in awarding monetary relief. *Id.* at 942-43. However, rather
than order dismissal, the Court remanded for a determination of whether Hall could rely
on an alternative legal remedy, such as the Federal Tort Claims Act (FTCA). *Id.* at 943.
It stated: "[W]hen a district court conducting a Rule 41(e) proceeding learns that the
government no longer possesses property that is the subject of the motion to return, the
court should grant the movant (particularly a movant proceeding *pro se* such as Hall) an
opportunity to assert an alternative claim for money damages." *Id.*

In *Pena v. United States*, 157 F.3d 984, 986 (5th Cir. 1998), the Fifth Circuit
similarly held that money damages against the government in a Rule 41(e) proceeding are
barred by sovereign immunity. There, Pena filed a Rule 41(e) motion for return of
property which the government had destroyed. *Id.* at 98. Although affirming the district
court's dismissal of his Rule 41(e) motion, the Fifth Circuit remanded to the district court

12

to allow Pena, a *pro se* litigant, the opportunity to amend his pleadings to state a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *Id.* at 987. Although recognizing that the two-year statute of limitations applicable to *Bivens* claims had run, the Court found that under FED. R. CIV. P. 15(c)(2), Pena's amendments to his pleadings would relate back to the date of his original pleading. *Id.*

Lastly, in *United States v. Bein*, 214 F.3d 408, 410 (3d Cir. 2000), the claimants filed a Rule 41(e) motion for the return of property seized by government agents. In their motion, they largely sought monetary damages based on their assertion that the government had destroyed most of the seized property. *Id.* The district court awarded the claimants monetary relief for the destroyed property. *Id.* Although the government did not appeal the district court's decision, in its responsive brief, it asserted the district court was without jurisdiction to award monetary damages against it in a Rule 41(e) action due to its sovereign immunity. *Id.* at 412. The Third Circuit agreed. *Id.* Although recognizing that Rule 41(e) allows a district court to award equitable relief, it found that this equitable power did not override the government's sovereign immunity. *Id.* at 413-14.

Contrary to the above cases, the Second and Ninth Circuits have allowed monetary damages in a Rule 41(e) action where the property has been destroyed by the government. In *United States v. Martinson*, 809 F.2d 1364, 1366 (9th Cir. 1987), Martinson filed a Rule 41(e) motion, seeking the return of nine rifles seized from him at the time of his

13

arrest.  The district court denied the motion and Martinson appealed.  *Id.*  After oral argument, the government informed the Ninth Circuit that federal agents had destroyed the guns six months prior to oral argument.  *Id.*  The Ninth Circuit held it had jurisdiction over the appeal despite the destruction of the subject property.  *Id.* at 1369.  In so holding, the Court stated: "When a citizen has invoked the jurisdiction of a court by moving for return of his property, we do not think that the government should be able to destroy jurisdiction by its own conduct."  *Id.* at 1368.  It remanded the case to the district court, stating Martinson should be allowed to amend his motion to request damages if he so desires.  *Id.* at 1370.

In *Mora v. United States*, 955 F.2d 156, 159 (2d Cir. 1992), the Second Circuit, relying on *Martinson*, held that a Rule 41(e) motion does not become moot merely because the government no longer possesses the subject property and that an award of damages may be appropriate as an equitable remedy.  To the extent the claimant had an adequate remedy at law under the FTCA, the Court held the district court should have liberally construed the Rule 41(e) motion as a complaint under the FTCA.  *Id.* at 160.

We agree with the majority of the circuits and conclude sovereign immunity bars monetary relief in a Rule 41(e) proceeding when the government no longer possesses the property.  Neither *Mora* nor *Martinson* addressed sovereign immunity.  Rather, their holdings rested in large part on equitable considerations.  However, "fairness or policy reasons cannot by themselves waive sovereign immunity."  *United States v. $30,006.25 in*

14

*U.S. Currency*, 236 F.3d 610, 614 (10th Cir. 2000) (holding sovereign immunity prohibited an award of prejudgment interest to the claimant upon the return of his property).

Based on the above, to the extent the government is no longer in possession of the property and Clymore seeks monetary relief, sovereign immunity bars his claim.[7] Because the status of the property was raised for the first time at oral argument, it is necessary to remand the matter to the district court for findings regarding the government's possession of the property. Should the district court determine on remand that the government is no longer in possession of the property, it should vacate its prior order granting the United States summary judgment and dismiss Clymore's Rule 41 for lack of subject matter jurisdiction.

## IV. Conclusion

We REVERSE and REMAND this matter to the district court for further findings consistent with this opinion. We DENY Clymore's request for attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and his request that any remand be assigned to a different district court judge. There being no objection by the government, we GRANT Clymore's Motion to Augment the Record on Appeal, which was provisionally granted on May 8, 2003.

---

[7] Because Clymore seeks relief under Rule 41(e), we assert no opinion on whether other forms of relief are available to him.

15