**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7256**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RYAN LEE ZATER,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, Senior District Judge.  (3:00-cr-00626-CMC-1)

Submitted:  January 31, 2018                      Decided:  February 16, 2018

Before KING, DUNCAN, and KEENAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Ryan Lee Zater, Appellant Pro Se.  Stacey Denise Haynes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryan Lee Zater appeals the district court's order granting the Government's motion for summary judgment on his Fed. R. Crim. P. 41(g) motion to return property. For the reasons that follow, we affirm in part, vacate in part, and remand for further proceedings.

Zater and four codefendants were apprehended in July 2000, after committing two armed bank robberies. Zater entered a plea of guilty to conspiracy to commit bank robberies, brandishing a firearm in relation to a crime of violence, and discharging a firearm during a crime of violence. Zater was sentenced to 444 months' imprisonment, and he was ordered to pay $37,452.27 in restitution, for which he was jointly and severally liable with his codefendants.

At the scene of Zater's arrest, officers seized a number of items. Among the items seized were three firearms; three bulletproof vests; ammunition; a beeper; a cell phone; a video recorder; a small amount of cash; a backpack; several pairs of shoes; and various articles of clothing.[1] No forfeiture proceedings appear to have been conducted in connection with Zater's criminal proceedings.

In 2006, the FBI notified Zater that it was in possession of the three firearms and three bulletproof vests recovered from the scene, and that Zater had 30 days to file a claim. The FBI's letter did not reference any of the other personal property that had been

---

[1] Zater notes that the car itself was also seized, but he describes the car as totaled and having no value.

seized. Zater's timely claim for the items was denied. The firearms and bulletproof vests were deemed abandoned and subsequently destroyed.

In 2016, Zater filed a Fed. R. Crim. P. 41(g) motion to return property. The district court construed the Government's motion to dismiss as a motion for summary judgment, and it granted the motion. The court found that the limitations period began running in 2006, when Zater received notice of the Government's intention to deem the firearms and bulletproof vests abandoned, was tolled for approximately one year pending a decision on Zater's claim for the property, and then ran until it expired in 2013. The court applied this finding to all of the property at stake—not just the firearms and bulletproof vests. The court also noted that it did not have subject matter jurisdiction to award compensatory damages.

We review an order granting summary judgment de novo, "drawing reasonable inferences in the light most favorable to the non-moving party." *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 407 (4th Cir. 2015) (internal quotation marks omitted). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 408 (quoting Fed. R. Civ. P. 56(a)). The relevant inquiry is whether the evidence "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 756 F.3d 307, 310 (4th Cir. 2014) (internal quotation marks omitted). To survive a summary judgment motion, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere

existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

We agree with the district court's conclusion that Zater has no available remedy for the firearms and bulletproof vests, which have all been destroyed. The doctrine of sovereign immunity precludes courts from awarding compensatory damages on a Rule 41(g) motion. *See United States v. Jones*, 225 F.3d 468, 470 (4th Cir. 2000). Zater argues that he was not seeking compensatory damages, but was asking the court to credit the value of the seized property against his restitution obligation. However, for purposes of a federal court's subject matter jurisdiction, there is no distinction. The court has no more jurisdiction to order the Government to pay damages to a third party, i.e., the private party or entity to whom Zater owes restitution, than it does to order the Government to pay damages to Zater directly. Accordingly, we find that summary judgment was proper as to the firearms and bulletproof vests.

Turning to the other personal property in which Zater claims an interest, including the cell phone, video recorder, and articles of clothing, there is no evidence in the record to indicate whether the government ever initiated forfeiture or abandonment proceedings, no evidence to suggest that the items were destroyed or otherwise disposed of, and no evidence to indicate the value of the items. Accordingly, the district court's grant of summary judgment as to these items was in error.

We affirm the district court's grant of summary judgment as to the firearms and bulletproof vests, vacate the grant of summary judgment as to the other personal property, and remand for further development of the record. We dispense with oral

4

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*