IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FERDELL F. HARVEY, | § | |
| | § | No. 476, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1703002163 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 28, 2019
Decided: August 9, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Ferdell F. Harvey, filed this *pro se* appeal from the Superior Court's denial of his petition for return of property under Superior Court Criminal Rule 41(e). For the reasons discussed below, we affirm the Superior Court's judgment.

(2) Investigation of a string of burglaries that occurred in February and March 2017 identified Harvey as one of the burglary suspects. Surveillance and GPS tracking conducted as part of the investigation also identified a Toyota Camry, which was registered to Harvey, at the sites of several of the burglaries. On March

17, 2017, the Delaware State Police observed Harvey and another individual, Timothy Reason, burglarize a gas station and then leave the scene in Harvey's Toyota. The officers stopped the vehicle and arrested Harvey and Reason. After the arrest, the Delaware State Police directed a towing company, CPG Inc., to tow Harvey's Toyota to a Delaware State Police station, where it was secured until a state police detective, Detective Hevelow, searched the vehicle on the following day, after obtaining a search warrant. After the search was completed, CPG towed the Toyota to its lot.

(3)     On January 17, 2018, Harvey pleaded guilty to Attempted Burglary Third Degree, Possession of Burglary Tools, Burglary Third Degree, and Conspiracy Second Degree. He was sentenced on May 18, 2018. On December 1, 2017, before he pleaded guilty and was sentenced, Harvey had filed a timely motion for return of property, seeking return of the Toyota under Superior Court Criminal Rule 41(e).[1] In June 2018, shortly after his sentencing, Harvey filed a letter seeking a hearing on his motion for return of property.

(4)     The Superior Court directed the State to respond to the motion. The State submitted a letter opposition to the motion, in which the State argued that the vehicle had been "released" to Harvey on March 20, 2017, at which time the car was

---

[1] *See Buchanan v. State*, 2010 WL 2680539, at *1 (Del. July 7, 2010) ("[A] petition for return of property pursuant to Superior Court Criminal Rule 41(e) must be filed within a year of the defendant's criminal sentencing.").

held at the CPG tow yard, and that Harvey had been notified of the vehicle's location. In support of its opposition to Harvey's petition for return of property, the State submitted a Delaware State Police tow slip purporting to indicate that (i) the Toyota was initially towed on March 17, 2017 at 10:30 p.m.; (ii) the vehicle was released to the owner, Harvey, on March 20, 2017; and (iii) Detective Hevelow notified Harvey of the vehicle's release on March 20, 2017. The State also submitted a certificate of authority to dispose of a towed vehicle, by which CPG had transferred all rights and title to the Toyota to an automotive recycler, Delaware Auto, under Title 21, Chapter 44 of the Delaware Code on January 29, 2018. Because the vehicle had been disposed of by the time of the State's response to Harvey's motion, the State asserted that "there is no property to be returned to Petitioner making this application moot." On August 17, 2018, the Superior Court denied Harvey's motion as moot for the reasons set forth in the State's opposition to the motion. This appeal followed.

(5) Under Superior Court Criminal Rule 41(e), a "person aggrieved by the deprivation of property seized by the police may move the court for the return of the property on the ground that such person is entitled to lawful possession of the property." The State argues that (i) the only remedy available under Rule 41(e) is return of the seized property; (ii) that remedy is no longer available because the vehicle has been destroyed, and therefore the motion for return of property is "moot"; and (iii) sovereign immunity prevents Harvey from recovering monetary

3

damages from the State.[2]  Harvey argues that 21 *Del. C.* § 6902 required the State to provide Harvey with notice of the removal of his vehicle and that the State's failure to provide the required notice resulted in the destruction of the vehicle.  Because the Toyota no longer exists, we understand Harvey to be seeking compensation for the value of the destroyed property.

(6)     The question of whether any relief other than return of the property itself is available under Rule 41(e) is an issue of first impression in Delaware.  There is a split of authority in other jurisdictions that have considered the issue.[3]  The plain text of Rule 41(e) is limited to return of the property seized by police, and does not provide a mechanism for securing a monetary recovery for seized property that is later destroyed.  But the destruction of seized property after a person requests its

---

[2] Although on appeal the State has cited legal authorities addressing the issues of sovereign immunity and the mootness of a Rule 41(e) motion after the property at issue is destroyed, the State did not raise the issue of sovereign immunity before the Superior Court, nor did it cite *any* legal support for its claim of mootness.  Moreover, the Superior Court's order denying Harvey's motion did not undertake any legal analysis or cite any legal authority, simply denying the motion "for the reasons set forth in [the State's] letter" opposition.

[3] *Compare, e.g.*, *United States v. Bein*, 214 F.3d 408, 411, 415 (3d Cir. 2000) (holding that "Rule 41(e) provides for one specific remedy—the return of property" and reversing a trial court's award of monetary damages to compensate appellants for property that had been destroyed before the appellants brought a Rule 41(e) motion in which they "primarily [sought] not the return of their property, but rather compensatory damages for property they alleged the Government wrongfully destroyed"), *with Soviero v. United States*, 967 F.2d 791, 792-93 (2d Cir. 1992) ("We have held that a district court where a defendant is tried has ancillary jurisdiction to decide a defendant's post-trial motion for the return of seized property. . . .  Simply because the government destroys or otherwise disposes of property sought by the movant, the motion for its return is not thereby rendered moot. . . .  On remand, the district court should receive evidence with respect to the value of the [property] and the circumstances of its destruction.  Appellant should be permitted to seek damages if the district court determines the government's conduct renders it liable for such.").

return is concerning. As one federal appellate court has stated, "[w]hen a citizen has invoked the jurisdiction of a court by moving for return of his property, we do not think that the government should be able to destroy jurisdiction by its own conduct. The government should not at one stroke be able to deprive a citizen of a remedy and render powerless the court that could grant the remedy."[4]

(7) But we need not decide this issue in this case. Assuming without deciding that Rule 41(e) would allow for monetary compensation in at least some situations, we conclude that in the circumstances of this case Harvey has not sufficiently stated a claim for monetary compensation. Harvey alleges that he is entitled to compensation because the State purportedly failed to give him notice of the removal of his vehicle under 21 *Del. C.* §§ 6901 and 6902. But those statutes do not impose any duty on the State to provide notice to the owner of a vehicle that is towed in accordance with Section 6901; rather, under the statutes on which Harvey relies, the duty to notify the owner lies with the towing company.[5] Thus, Harvey has not asserted a breach of a duty for which the State would be liable.

---

[4] *United States v. Martinson*, 809 F.2d 1364, 1368 (9th Cir. 1987).

[5] *See* 21 *Del. C.* § 6901(a) ("Anyone so removing any motor vehicle . . . shall have a possessory lien against said motor vehicle . . . for the costs of removing, towing, preserving and storing said motor vehicle . . . and shall have a right to sell said motor vehicle . . . after complying with the notice and sale provisions as outlined in Chapter 39 of Title 25 . . . ."); 25 *Del. C.* § 3905 (setting forth notice requirements imposed on the lienholder); 21 *Del. C.* § 6902 (setting forth notice requirements to be satisfied by the lienor before the lienor may dispose of a towed vehicle).

(8)     In addition, Section 6901 expressly provides that no police officer or any agent directed by them will be liable for damages incurred to vehicles towed under Section 6901 unless the officer's or agent's conduct is "not in good faith and in the belief that the public interest would best be served thereby," grossly or wantonly negligent, or beyond the scope of the person's employment.[6]  Harvey has not alleged any facts that would overcome that express statutory bar on liability.

(9)     Finally, in his motion before the Superior Court, Harvey requested that the State return the car "at no cost to [Harvey]."  Rule 41(e) does not provide for such relief.  Under 21 *Del. C.* § 6902, a towing company has the right to detain a towed vehicle in order to secure the payment for the towing services and has a lien on the vehicle for the purpose of obtaining payment.[7]  Thus, in order to regain possession of a towed vehicle, the owner must pay the towing and storage charges imposed by the towing company.[8]  Rule 41(e) is a court rule that establishes an efficient procedure by which a person may recover seized property—it does not abrogate the statutory scheme under which the owner of a towed vehicle has to pay the provider of towing services before recovering possession of the vehicle.  We

---

[6] *See* 21 *Del. C.* § 6901(a)) (invoking 10 *Del. C.* § 4001(2); 10 *Del. C.* § 4001(3); and 10 *Del. C.* § 4011(c)).

[7] *Id.* § 6902(a).

[8] *See id.* § 6902(b) (requiring the lienor to notify the owner of the charges and "a statement that the lienee must pay such charges on or before the date mentioned in the notice, said date not to be less than 15 days from service thereof").

therefore conclude that the Superior Court did not err by denying Harvey the relief he sought.[9]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[9] Although the facts in the record are insufficient to draw a definitive factual conclusion about this issue, we also note that the State asserts, and Harvey does not dispute, that the value of the vehicle was approximately $1,387. Given that value and the length of time that the vehicle was stored by CPG, we think it is unlikely that the value of the vehicle exceeded the costs and fees that Harvey would have had to pay to regain possession of the vehicle by the time that the vehicle was destroyed, or the difference likely would have been relatively small. To the extent that the value of a towed vehicle exceeds the costs that the owner would have to incur to regain possession, the statute establishes a mechanism by which the owner may claim that sum. *See* 21 *Del. C.* § 6901(a) ("Anyone so removing any motor vehicle . . . shall have a possessory lien against said motor vehicle . . . for the costs of removing, towing, preserving and storing said motor vehicle . . . and shall have a right to sell said motor vehicle . . . after complying with the notice and sale provisions as outlined in Chapter 39 of Title 25, with the exception that the proceeds of the sale shall be applied first to the costs of the sale, then to the costs of removing, towing, preserving and storing and then to the payment of any liens to which said motor vehicle, trailer or part thereof may be subject in order of their priority, then to the State Treasurer who shall create a special fund thereof and who shall pay to the owner the moneys left if a claim is made within 1 year of the removal, or deposit the moneys in the General Fund if no claim is made within 1 year of the removal."). The fact that Harvey had a mechanism to recover any remaining value in the vehicle further supports the conclusion that, in the circumstances of this case, Harvey incurred no compensable damages that require a remedy under Rule 41(e).

7